ORIGINAL



FILED _____    RECEIVED _____
ENTERED _____    SERVED ON
COUNSEL/PARTIES OF RECORD

OCT - 8

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

1

2

3

4

5

6        **UNITED STATES DISTRICT COURT**
         **DISTRICT of NEVADA**

7

8    David Rodrigues,        )
          Appellant          )
9                            )        Case No. 3:07-CV-00135
         V.                  )            RLH-(RAM)
10   The State of Nevada,    )        State Court Case No.
          Respondents.       )            CR05P01593
11   _____)

                                        WRIT of HABEAS COCORPUS
12        **WRIT OF HABEAS CORPUS   U.S.C. 2254**
                                              BRING
13        Comes now appellant, David Rodrigues, must and again ~~bring~~
                                          CouRT
14   his Appeal under Habeas Corpus to this _R_ based on the following

15   facts; on July 24th, 2008, this Court issued an order denying

16   the Appellants Appeal to Reopen (42) and Motion To Reconcider

17   (43) was also denied due to the fact that this Court ruled

18   thatAppellant did not exaustall State remedies, therefore

19   Appellant filed a Writ of Habeas Corpus, (Post Conviction)

20   Remedy back on the 24th of April , 2008, (see all copies of

21   filing inclosed herein) and all documents filed there after

22   that is inclosed in order of Appellant filing in writ of Habeas

23   Corpus, and Motion for appointment of council, that was never

24   granted by the Washoe County District Court, instead of ~~ruling~~

25   ruling on the issue of violation of Appellants Constitutional

26   Rights at pretrial, trial, and sentencing as well, the Court

27   went along with the District Attorney's Motion to dismiss

28   on the grounds that I was untimely in my filing in the United

                              (1)

1   States District Court was infact timely, (see inclosed copy

2   of all my filings in the Nevada State Courts), and in this

3   Honorable Court as well, all were filed timely, therefore the

4   Appellant must bring in the facts of this case that have been

5   established by this Court on this Courts Order dated the 31st

6   day of July, 2007, as follows as stated by this Court, each

7   ground for relief has several claims, in Ground (1):(A), the

8   psycologist who conducted the "psycosexual Evaluation" of the

9   Petitioner required by Nevada Revised Statute, 176.139, did

10  not interview Petitioner, (B), the sentence of life in prison

11  with the possibility of parole after (10) years, is effectively,

12  a death sentence, because the Petitioner is (78) years of age,

13  (C), Petitioner, who represented himself at trial, went to

14  trial without an alibi witness, Ground (2) has two components

15  (A), The Nevada Supreme Court, after appointing cousil to

16  represent Petitioner on Direct Appeal, violated Petitioner's

17  Right to petition for Redress of Grievance by rejecting his

18  Pro-Se briefs (B), Appellants Counsel provided ineffective

19  assistance when he failed to address the one issue that would

20  have resulted in the reversal of the Judgement of conviction.

21  Before a Federal Court may consider a Petition For a Writ of

22  Habeas Corpus, the Petitioner must exhaust the remedies available

23  in State Court, 28 U.S.C.A. § 2254 (B), to exhaust a Ground for

24  Relief, Petitioner must fairly present the ground to the States

25  highest Court, declining the operative facts and legal theory,

26  and give that Court the oppotunity to address and resolve the

27  Ground, see Duncan V. Henry, 513 U.S. 4, 6 (1982). All of the

28  facts of the violations in this case have been presented to

(2)

1   the sentencing Court and the Supreme Court for the State of

2   Nevada, and the Nevada District Court and the Supreme Court

3   as well, did rule that Petitioner did not file timely and denied

4   Appellants Appeal on those Grounds, therefore violating

5   all of the Appellants Constitutional Rights, see the attached

6   copies of the State Court, and Supreme Court as well denying

7   Appellants Motion, under Post Conviction, Habeas Corpus, there-

8   for leaving Appellant without any other recourse but to bring

9   this appeal under Habeas Corpus U.S.C. 2254, Back to this Court,

10   records of all filings are hereby inclosed for this Honorable

11   Courts review and a list of all filings of which were all

12   timely, therefore this Honoable Court must issue an order for

13   what this Court feels is fair and proper.

14

15              Respectfully Submitted By;

16              *David Rodrigues*

17              David Rodrigues  #89491
                P.O. Box 7000

18              N.N.C.C.
                Carson City, Nevada 89702

19

20

21

22

23

24

25

26

27

28
                        (3)

4

## DECLARATION UNDER PENALTY of PERJURY

I understand that a false statement or answer to any question in this declaration will subject me to penalties of perjury.

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

See U.S.C. § 1746 and 18 U.S.C. § 1621.

Executed at Northern Nevada Correctional Center, Carson City,  Nevada  October 6th, 2008.

David Rodriguez

## CERTIFICATE OF SERVICE BY MAIL

Pursuant to N.R.C.P. Rule 5(B), I hereby Certify that I am the Petitioner named herein and that on this 6th day of October 2008, I deposited in the United States Mails in Carson City, Nevada a true and correct copy of the foregoing addressed to:

Cathrine Cortez Masto,
Attorney General For,
The State of Nevada
100 No. Carson Street
Carson City, Nevada, 89701-4717

Clerk of The U.S. District Court,
District of Nevada
400 South Virginia Street, Room 301
Reno, Nevada 89501

David Rodrigues #89419
P.O. Box 7000
N.N.C.C.
Carson City, Nevada 89702

1   David Rodrigues
    89491
2   P.O. Box 7000
    N.N.C.C.
3   Carson City, Nevada 89702

4

5

6              IN THE SECOND JUDICIAL COURT
        of THE STATE of NEVADA IN AND FOR THE
7                  COUNTY of WASHOE

8

9   David Rodrigues,          )        Case No. ~~CR 01193~~ CR05P01593
           Petitioner,        )        Dept.   10
10       v.                   )
                              )
11  The State of Nevada,      )
           Respondants.       )
12  _____       )        NOTICE of APPEAL

13      Comes now time the Petitioner must give this Court matter

14  that he shall into the United States District Court, District

15  of Nevada, of order issued by this Court on September 23rd,

16  2008, denying petition, Wrir of Habeas Corpus, that was filed

17  into this Honorable Court, as was ordered by the United States

18  Ditrict Court of Reno to exhaust all State remedies, this having

19  been done, therefore leaving Petitioner no other remedy but

20  to bring this matter before the United States District Court,

21  District of Nevada, for all of the violations of the petitioners

22  Constitutional Rights that have been inflicted by this Court,

23  you and each of you shall take notice that Petitioner shall

24  appeal this above CAPTIONED Case into the UNITED STATES DISTRICT

25  COURT, District of Nevadaof all the issues of violation, that

26  this was and is still being inflicted by this Court of

27  Petititioners Constitutional Rights,.

28

                              (1)

7

1

Respectfully Submitted By;

David Rodrigues
P.O. Box 7000
N.N.C.C.
Carson City Nevada 89702

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(2)

7-A

## VERIFICATION OF Service

I, David Rodrigues, have this date of September 29th, 2008, did

serve a true and correct copy of this NOTICE of APPEAL upon

the following:

        Washoe County District  Attorney,
        75 Court Street
        Reno, Nevada 89501

        Attorney General For The State of Nevada,
        Cathrine Cortez Masto
        201 South Carson Street, Suite 201
        Carson City, Nevada 89701-4702

David Rodrigues 89491
P.O. Box 7000
N.NC.C.
Carson City, Nevada 89702

*Copy sent to*

*Clerk washoe County District Court*
*75 Court St*
*Reno, Nv 89501*

*D.R*

7 – B



**CODE: 2922**

# FILED

SEP 2 3 2008

HOWARD W. CONYERS, CLERK

By: _____
DEPUTY CLERK

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

\*\*\*

8

9   DAVID RODRIGUES,

10              Petitioner,

11        vs.                                    CASE NO:    CR05P01593

12   STATE OF NEVADA,                            DEPT. NO.:   10

13              Respondent.

14   _____/

15   ## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

16   ## (POST-CONVICTION)

17        Mr. David Rodrigues (hereinafter "Petitioner") presents this Court with a *Petition for*

18   *Writ of Habeas Corpus (Post Conviction)*.  This Court, having considered all papers and

19   pleadings on file herein, finds and concludes as follows.

20        Petitioner was convicted, pursuant to a jury verdict, of one count of lewdness with a

21   child under the age of fourteen (14).  Petitioner was then sentenced to a prison term of life

22   with parole eligibility after ten (10) years.  The Nevada Supreme Court affirmed the

23   conviction on March 8, 2007, and issued its remittitur on April 4, 2007.  Since that time,

24   Petitioner has submitted multiple motions to this Court.  On November 30, 2007, Petitioner

25   submitted a Petition for Writ of Habeas Corpus (Post Conviction) which was deemed

26   deficient in both form and substance pursuant to NRS 34.730(2), NRS 34.735, and NRS

27   34.810(3) – the Petition was denied by this Court on January 14, 2008.    Petitioner has

28

-1-

8

1 || since filed a notice of appeal on March 4, 2008 and has filed an "amended" habeas petition
2 || on April 29, 2008, alleging two grounds for relief.

3 || Petitioner correctly asserts that the District Attorney was ordered to respond to
4 || Petitioner's Writ within forty-five (45) days of May 20, 2008, and that the District Attorney
5 || filed their motion outside said forty-five day window (motion filed July 7, 2008; forty-nine
6 || days after the initial Order). However, a delay in filing by the District Attorney's office does
7 || not excuse Petitioner from the provisions of NRS 34.726(1). NRS 34.726(1) states that
8 || unless a Petitioner can show good cause, Petitioner has within one (1) year from the date
9 || the Supreme Court issues its remittitur to file a Petition for Writ of Habeas Corpus. The
10 || Nevada Supreme Court issued its remittitur on April 4, 2007; Petitioner's "amended"
11 || Petition for Writ of Habeas Corpus was filed on April 29, 2008, twenty-five (25) days after
12 || the requisite filing window had closed. The Petitioner, in Question 19 of the April 29, 2008,
13 || "amended" Petition for Writ of Habeas Corpus, even makes note of the fact that the
14 || "amended" petition was filed more than one (1) year following the filing of the decision of
15 || the Supreme Court. ("amended" Petition for Writ of Habeas Corpus, p. 7, 1-19, April 29,
16 || 2008). As such, for the Court to excuse the lack of timeliness of the Petitioner's Writ, there
17 || must be a showing of good cause.

18 || NRS 34.726(1)(a) and (b) state that good cause for delay exists if Petitioner
19 || demonstrates to the satisfaction of the Court that the delay is not the fault of the
20 || Petitioner; and that dismissal of the petition as untimely would unduly prejudice the
21 || Petitioner. Petitioner has failed to demonstrate to the satisfaction of the Court that the
22 || delay in filing was not the fault of the Petitioner.

23 || Even assuming Petitioner successfully demonstrated that the delay in filing was not
24 || the Petitioner's fault, Petitioner fails to demonstrate he would be unduly prejudiced should
25 || the petition be dismissed as untimely. In Ground One, Petitioner argues he was denied the
26 || effective assistance of counsel. This claim contains numerous allegations, all of which lack
27 || merit. Claims of ineffective assistance of counsel are reviewed under a two-pronged test
28 || articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, an individual must

*9*

1   establish that his former counsel's performance was deficient, which the United States
2   Supreme Court characterized as falling below an "objective standard of reasonableness."
3   Id. at 688. Second, the individual must show that he was prejudiced by this deficient
4   performance, so that "but for counsel's unprofessional errors, the result of the proceeding
5   would have been different." Id. at 694. It is important to note that the Court affords
6   attorneys great deference in their decisions regarding a client's dispute.  In Strickland the
7   court states, "Judicial review of a lawyer's representation is highly deferential, and a
8   claimant must overcome the presumption that a challenged action might be considered
9   sound strategy." Id. at 689.

10      Petitioner initially contends his appellate counsel was ineffective by failing to argue
11   on direct appeal that the Court erred in denying Petitioner's motion for the appointment of
12   a new psychologist. Petitioner asserts that the psychologist was prejudiced and unable to
13   render a just evaluation. Petitioner fails to provide any reasons as to why he was
14   prejudiced in this regard. Petitioner merely reiterates that the psychologist was prejudiced
15   and unable to render a just evaluation but fails to articulate any factual underpinnings as to
16   how the psychologist at issue prejudiced Petitioner.

17      Petitioner next contends that appellate counsel should have argued on appeal that
18   the Court abused its discretion in denying Petitioner's motion to produce a witness.  The
19   Nevada Supreme Court has stated that "a defendant seeking post-conviction relief must
20   raise more than conclusory claims for relief; a defendant must support any claims with
21   specific factual allegations that if true would entitle him or her to relief." Pangallo v. State,
22   112 Nev. 1533, 1536, 930 P.2d 100, 102 (1996) (citing Hargrove v. State, 100 Nev. 498,
23   502, 686 P.2d 222, 225 (1984)). Here, Petitioner states that the witness at issue was
24   "crucial" yet fails to articulate any further reason as to why this witness was indeed
25   "crucial." ("amended" Petition for Writ of Habeas Corpus, p. 10, 1-19, April 29, 2008).
26   Petitioner's assertion amounts to a conclusory statement which is unsupported by any
27   specific factual allegations and, as a result, is without merit.

28

*10*

1    Petitioner next asserts that counsel on appeal should have argued that the Court

2  abused its discretion by denying his motion for acquittal based on insufficient evidence.  In

3  Pagnallo v. State, 112 Nev. 1533, 1536, 930 P.2d 100, 102 (1996), the Court stated that

4  the defendant is not entitled to an evidentiary hearing if the factual allegations are belied

5  or repelled by the record.  Such is the situation here.  The record indicates that Petitioner's

6  counsel indeed argued there was insufficient evidence to sustain the conviction as indicated

7  in the Order of Affirmance issued by the Nevada State Court.  Order of Affirmance, No.

8  46745 (March 8, 2007).

9    Accordingly, Petitioner's first ground for relief lacks merit.  The Court will now direct

10  its attention to Petitioner's second ground for relief.

11    In Ground Two, Petitioner asserts that the examining psychologist's report was an

12  inaccurate evaluation from which the Court could not make a proper determination

13  concerning Petitioner's qualification for sex offender treatment and rehabilitation.

14    As discussed above, Petitioner must make a showing of good cause in order for the

15  Court to excuse the lack of timeliness of the Petitioner's writ.  NRS 34.726(1)(a) and (b)

16  state that good cause for delay exists if Petitioner demonstrates to the satisfaction of the

17  Court that the delay is not the fault of the Petitioner; and that dismissal of the petition as

18  untimely would unduly prejudice the Petitioner.  Petitioner has failed to demonstrate to the

19  satisfaction of the Court that the delay in filing was not the fault of the Petitioner.

20    Even assuming Petitioner successfully demonstrated that the delay in filing was not

21  the Petitioner's fault, Petitioner fails to demonstrate that he would be unduly prejudiced

22  should the petition be dismissed as untimely.  NRS 34.810(1)(b)(2) provides that a petition

23  shall be dismissed where a petitioner's conviction was the result of a jury trial and the

24  grounds for the petition could have been raised in a direct appeal or prior petition for

25  habeas corpus.  Following a jury trial whereby the jury found Petitioner guilty of the

26  offense charged, Petitioner failed to raise the issue of the accuracy of the psychologist's

27  report.

28

-4-

//

1    Therefore, due to the aforementioned reasons, Petitioner's second ground for relief
2    lacks merit.
3    Petitioner is not entitled to any relief based on the allegations he has presented.
4    Therefore, the Court will deny his Petition for Writ of Habeas Corpus (Post-Conviction).
5    **NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's *Petition for Writ*
6    *of Habeas Corpus (Post-Conviction)* is **DENIED.**

7
8    **DATED** this 2 3 day of September, 2008.
9
10
                                          STEVEN P. ELLIOTT
11                                        District Judge
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

/2

## CERTIFICATE OF MAILING

I hereby certify that I am an employee of the Second Judicial District Court of the State of Nevada, in and for the County of Washoe and that on this date I deposited for mailing a copy of the foregoing document addressed to:

David Rodrigues #89491
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, NV 89702

Washoe County District Attorney
Appellate Division
P. O. Box 30083
Reno, NV 89520
(Interoffice Mail)

**DATED** this _23_ day of September, 2008.

_____
HEIDI HOWDEN
Judicial Assistant

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID RODRIGUES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 51224

**FILED**

MAR 3 1 2008

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER DIRECTING TRANSMISSION OF RECORD

Having reviewed the documents on file in this proper person appeal, this court has concluded that its review of the complete record is warranted. See NRAP 10(a)(1). Accordingly, the clerk of the district court shall have 90 days from the date of this order within which to transmit to the clerk of this court a certified copy of the complete trial court record of this appeal. See NRAP 11(a)(2) (the complete record shall contain each and every paper, pleading and other document filed, or submitted for filing, in the district court, as well as any previously prepared transcripts of the district court proceedings).[1]

It is so ORDERED.

_____, C.J.

---

[1]The record shall not include any physical, non-documentary exhibits or the original documentary exhibits filed in the district court, but copies of documentary exhibits submitted in the district court proceedings shall be transmitted as part of the record on appeal. The record shall also include any presentence investigation reports submitted in this matter. The clerk of the district court shall transmit the reports to this court in a sealed envelope identifying the contents and marked confidential. See NRS 176.156(5).

SUPREME COURT
OF
NEVADA

(O) 1947A

08·07842

cc:  David Rodrigues ✓
     Attorney General Catherine Cortez Masto/Carson City
     Washoe County District Attorney Richard A. Gammick
     Washoe District Court Clerk

15

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID RODRIGUES,
Petitioner,
 vs.
THE STATE OF NEVADA,
Respondent.

No. 50935

**FILED**

APR 08 2008

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
  DEPUTY CLERK

## ORDER DENYING MOTIONS

   On February 21, 2008, this court denied a proper person petition for extraordinary relief. On March 7, 2008, this court received a proper person motion to submit, and on March 18, 2008, this court received a motion to reconsider. No good cause appearing, this court denies the motions.[1] This matter has been closed, and the clerk of this court is directed to return un-filed any further correspondence from petitioner in this matter.

   It is so ORDERED.

         _/s/ Saulesbury_   A.C.J.

cc: Hon. Steven P. Elliott, District Judge
  David Rodrigues
  Attorney General Catherine Cortez Masto/Carson City
  Washoe County District Attorney Richard A. Gammick
  Washoe District Court Clerk

---

  [1]Notably, appellant's request for reconsideration is untimely. <u>See</u> NRAP 40.

08-08696

# Nevada Supreme Court Docket Sheet

## Docket: 50935 RODRIGUES (DAVID) VS. STATE

Page 1

DAVID RODRIGUES,
Petitioner,
  vs.
THE STATE OF NEVADA,
Respondent.

**Supreme Court No. 50935**

Consolidated with:

---

### Counsel

David Rodrigues #89491, Carson City, NV, Petitioner, in proper person

Attorney General Catherine Cortez Masto/Carson City, Carson City, NV, as counsel for Respondent

Washoe County District Attorney Richard A. Gammick, Reno, NV, as counsel for Respondent

---

### Case Information

**Panel:** SNP08

**Panel Members:** Hardesty/Parraguirre/Douglas

**Disqualifications:**

**Case Status:** Closed   **Category:** Original Proceeding   **Type:** Proper Person Writ Petition

**Submitted:**   **Date Submitted:**

**Oral Argument:**

**Sett. Notice Issued:**   **Sett. Judge:**   **Sett. Status:**

**Related Supreme Court Cases:** 49981

---

### District Court Case Information

**Case Number:** CR0501593

**Case Title:** STATE VS. RODRIGUES

**Judicial District:** Second   **Division:**   **County:** Washoe Co.

**Sitting Judge:** Steven P. Elliott

**Replaced By:**

**Notice of Appeal Filed:**   **Judgment Appealed From Filed:**

---

### Docket Entries

| Date | Docket Entries | |
|------|----------------|---|
| 01/22/08 | Filing Fee Waived: Criminal. | |
| 01/22/08 | Filed Proper Person Petition for Writ. Motion for Post Conviction Remedy, under Writ of Habeas Corpus. | 08-01642 |
| 02/12/08 | Received Proper Person Motion. Motion to Submit. | 08-03428 |
| 02/21/08 | Filed Order Denying Petition "ORDER the petition DENIED." SNP08-JH/RP/MD. | 08-04193 |
| 03/07/08 | Received Proper Person Motion. Motion to Submit. | 08-05830 |
| 03/18/08 | Issued Notice in Lieu of Remittitur. | 08-05060 |
| 03/18/08 | Processing status update: Notice in Lieu of Remittitur Issued/Case Closed. | |
| 03/18/08 | Received Proper Person Motion. Motion to Reconsider. | 08-06772 |
| 04/08/08 | Filed Order Denying Motions. No good cause appearing, this court denies the motions. This matter has been closed, and the clerk of this court is directed to return un-filed any further correspondence from petitioner in this matter. | 08-08696 |

Tuesday, April 15, 2008  08:56 AM

COPY

Case No.    CR05P1593
Dept. No.     10

IN THE   SECOND      JUDICIAL DISTRICT COURT OF THE

STATE OF NEVADA IN AND FOR THE COUNTY OF    WASHOE

| | |
|---|---|
| DAVID RODRIGUES ,      ) | AMENDED |
|              ) | |
|        Petitioner,    ) | PETITION FOR WRIT OF |
|              ) |    HABEAS CORPUS |
|         v.        ) | |
|              ) | (Post-conviction) |
| THE STATE OF NEVADA     ,    ) | |
|              ) | (NRS 34.720 et seq.) |
|       Respondent.     ) | |

**INSTRUCTIONS:**

(1)     This petition must be legibly handwritten or typewritten, signed by the petitioner and verified.

(2)     Additional pages are not permitted except where noted or with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3)     If you want an attorney appointed, you must complete the Affidavit in Support of Request to Proceed in Forma Pauperis. You must have an authorized officer at the prison complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(4)     You must name as respondent the person by whom you are confined or restrained. If you are in a specific institution of the department of prisons, name the warden or head of the institution. If you are not in a specific institution of the department but within its custody, name the director of the department of prisons.

(5)     You must include all grounds or claims for relief which you may have regarding your conviction or sentence.  Failure to raise all grounds in this petition may preclude you from filing future petitions challenging your conviction and sentence.

(6)     You must allege specific facts supporting the claims in the petition you file seeking relief from any conviction or sentence.  Failure to allege specific facts rather than just conclusions may cause your petition to be dismissed.  If your petition contains a claim of ineffective assistance of counsel, that claim will operate to waive the attorney-client privilege for the proceeding in which you claim your counsel was ineffective.

(7)     When the petition is fully completed, the original and one copy must be filed with the clerk of the state district court for the county in which you were convicted.  One copy must be mailed to the respondent, one copy to the attorney general's office, and one copy to the district attorney of the county in which you were convicted or to the original prosecutor if you are challenging your original conviction or sentence. Copies must conform in all particulars to the original submitted for filing.

*19*

# PETITION

1.      Name of institution and county in which you are presently imprisoned or where and how you are presently restrained of your liberty:

Northern Nevada Corr. Center .

2.      Name and location of court which entered the judgment of conviction under attack:

Second Judicial District court .

3.      Date of judgment or conviction:    January 26, 2006 .

4.      Case Number:    CR05P1593 .

5.      (a)      Length of sentence:
Life With Possibility of Parole after 10 years.



6.      Are you presently serving a sentence for a conviction other than the conviction under attack in this motion:    No.

7.      Nature of offense involved in conviction being challenged:
Lewdness With a Minor under age 14 years



8.      What was your plea? (check one):
        (a)      Not guilty        XXX
        (b)      Guilty            _____
        (c)      Nolo contendere  _____

9.    If you entered a guilty plea to one count of an indictment or information, and a not guilty plea to another count of an indictment or information, or if a guilty plea was negotiated, give details:

_____ N/A _____

_____

_____

_____

10.    If you were found guilty after a plea of not guilty, was the finding made by: (check one)

(a)    Jury  XXX

(b)    Judge without a jury _____

11.    Did you testify at the trial? _____ Yes _____

12.    Did you appeal from the judgment of conviction? _____ Yes _____

13.    If you did appeal, answer the following:

(a)    Name of court: _____ Nevada Supreme Court

(b)    Case number or citation: 51328

(c)    Result:

_____ Conviction Affirmed _____

_____

_____

14.    If you did not appeal, explain briefly why you did not:

_____ N/A _____

_____

15.    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any court, state or federal? _____ N/A _____

16.    If your answer to No. 15 was "yes," give the following information:

(a)    (1)    Name of court: _____ N/A

(2)    Nature of proceeding: _____

(3)    Grounds raised:

_____ N/A _____

_____

_____

(4)    Did you receive an evidentiary hearing on your petition, application or motion? _____ N/A _____.

(5)    Result: _____ N/A _____

(6)    Date of result: _____ N/A _____.

(7)    If known, citations of any written opinion or date of orders entered pursuant to such result:

_____ N/A _____.

(b)    As to any second petition, application or motion, give the same information:

(1)    Name of court: _____ N/A _____.

(2)    Nature of proceeding: _____.

(3)    Grounds raised:

_____ N/A _____

_____

_____

_____.

(4)    Did you receive an evidentiary hearing on your petition, application or motion? _____ N/A _____.

(5)    Result: _____.

(6)    Date of Result: _____.

(7)    If known, citations or written opinion or date of orders entered pursuant to such result:

_____ N/A _____.

(c)    As to any third or subsequent additional applications or motions, give the same information:

(1)    Name of court: _____ N/A _____.

(2)    Nature of proceeding: _____.

(3)    Grounds raised:

_____ N/A _____

_____

_____

_____.

(4)    Did you receive an evidentiary hearing on your petition, application or motion? _____ N/A _____.

(5)    Result: _____.

(6)    Date of Result: _____ N/A _____.

(7)    If known, citations or written opinion or date of orders entered pursuant to such result:

_____ N/A _____.

(d)    Did you appeal to the highest state or federal court having jurisdiction, the result or action taken on any petition, application or motion?

      (1)    First petition, application or motion? _____N/A_____.
           Citation or date of decision: _____.
      (2)    Second petition, application or motion?    _____.
           Citation or date of decision: _____.
      (3)    Third or subsequent petitions, applications or motions: _____.
           Citation or date of decision: _____.

(e)    If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____N/A_____
_____
_____
_____

17.    Has any ground being raised in this petition been previously presented to this or any other court by way of petition for habeas corpus, motion, application or any other post-conviction proceeding?   If so, identify:

(a)    Which of the grounds is the same:
_____N/A_____
_____
_____
_____

(b)    The proceedings in which these grounds were raised:
_____N/A_____
_____
_____
_____

(c)    Briefly explain why you are again raising these grounds:

_____N/A_____
_____
_____
_____
_____
_____

18.    If any of the grounds listed in Nos. 23(a), (b), (c) and (d), or listed on any additional pages you have attached, were not previously presented in any other court, state or federal, list briefly what grounds were not so presented, and give your reasons for presenting them.

N/A

19.    Are you filing this petition more than 1 year following the filing of the judgment of conviction or the filing of a decision on direct appeal? If so, state briefly the reasons for the delay.

Yes, the original petition was filed November 30, 2007. However, the petition was not on the appropriate form and this Court failed to permit amendment under Miles, 91 P.3d 588 (Nev. 2004).

20.    Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?        NO        .
If yes, state what court and the case number:

N/A

21.    Give the name of each attorney who represented you in the proceeding resulting in your conviction and on direct appeal:

Proper Person at trial

Public Defender on Direct Appeal

22.   State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting same.

(a)  Ground one:

**Supporting Facts:**

APPELLATE COUNSEL WAS INEFFECTIVE IN FAILING TO
RAISE VIABLE CLAIMS FOR REVIEW ON DIRECT APPEAL
IN VIOLATION OF PETITIONER'S SIXTH AND FOURTEENTH
AMENDMENT RIGHT UNDER THE NEVADA AND U.S CONST.

In the instant, Petitioner asserts his appellate counsel was
ineffective in failing to raise viable claims for review on
direct appeal, specifically, the pretrial motions filed before
the district court.  The pretrial motions filed by Petitioner
were directly linked to challenging the State's case and in
preparation for an adequate defense.

The constitutional right to effective assistance of counsel
extends to a direct appeal. Kirksey V. State, 923 P.2d 1102 (Nev.
1996); Burke V. State, 887 P.2d 267, 268 (Nev. 1994),  A claim
of ineffective assistance of appellate counsel is reviewed under
the "reasonably effective assistance" test set forth in the
U.S. Supreme Court decision of Strickland V. Washington, 104
S.ct. 2052 (1984).  An attorney's decision not to raise merit-
less issues on appeal is not ineffective assistance of counsel.
Leaks V. U.S., 841 F.Supp 536 (S.D.N.Y. 1994).

To establish prejudice based upon the deficient performance and assistance of appellate counsel, the defendant must show that the omitted issue(s) would have a reasonable probability of success on appeal. Firestone V. State, 83 P.3d 279 (Nev. 2004); Kirksey V. State, 923 P.2d 1102 (Nev. 1996); Duhamel V. Collins, 955 F.2d 962 (5th Cir. 1992).  In making this determination, a court must review the omitted issues/claims. Heath V. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991); Firestone V. State, 83 P.3d 279 (Nev. 2004).

With this principle in mind of the court having to address the omiited claims in order to reach a factual determination of ineffective assistacne of appellate counsel, this Court is obhligated to review Petitioner's claims of the direct court abusing its discretion is denying Petitioner's pretrial motions.

## MOTION FOR APPOINTMENT OF NEW PSYCHOLOGIST

Petitioner asserts the  district court abused its discretion in denying his Motion For Appointment of New Psychologist.

Petitioner filed his motion on December 6, 2005 claiming that the elaluator assigned to him by the Department of Parole and Probation is "prejudiced and connot render a just evaluation."  Consequently, the district court denied the motion on the grounds that he did not cite authority for his assertion of being entitled to pick his own evaluator and failed to assert allegations as to why and how the assigned evaluator cannot render a fair opinion.

First, Petitioner was proceeding in proper person and was limited in his access to legal mnaterial while housed in the County Jail. Secondly, Petitioner was appointed co-counsel who should have supplemented the motion with the appropriate case law authority and reasoning for the need for a new psychologist to conduct an adequate evaluation.

Without question, as Petitioner filed a timely motion which the court denied, the issue was properly preserved for appellate review and appellate counsel was obligated to raise the claim on direct appeal for review under an abuse of discretion. When considering the circumstances, Appellate counsel was ineffective in failing to raise the district court's denial of Petitioner's Motion For Appointment of New Psuchologist.

## MOTION TO PRODUCE WITNESS

Petitioner asserts the district court abused its discretion in denying his Motion To Produce Witness.

Petitioner filed his motion on December 7, 2005 requesting of the court to crder a vital witness, Elaseta Desilva to return from Brazil tc testify on his behalf.  In the motion, Petitioner was not requesting of the Court's assistance in extraditing this witness from Brazil, Petitioner was merely requesting of additional time to have this witness available who was coming from Brazil.

Petiticner, in his motion for continuance, specifically put this court on notice of the necessity of this crucial witness

and his inability to properly prepare for trial without vital facts and information from said witness. The District Court Rules, Rule 14(2)(a)(b), provides for the court to grant a continuance based upon the absence of a witness.

In the instant case, the district court failed to inquire into the necessity of Petitioner's witness in the form os asking what this witness' testimony would have amounted too; what this witness could have contributed to the defense and the reasonable unavailability of the witness. Furthermore, at not time did the State lodge a written objection to Petitioner's request for a continuance and for the production of a material witneess.

Without question, as Petitioner filed a timly motion which the court denied, the issue was properly preserved for appellate review and appellate counsel was obligated to raise the claim on direct appeal for review under an abuse of discretion. When considering the circumstances, Appellate counsel was ineffective in failing to raise the district court's denial of Petitioner's Motion To Produce Witnses and Motion For Continuance.

<u>MOTION TO DISMISS</u>

petitioner filed a timely motion to Dismiss Counts II and III of the Criminal Indictment. As Petitioner was proceeding in proper person, the Court should have inquired into the complete facts and circumstances of the motion. Petitioner moved to dismiss Counts II and III, however, there was not Count III of the indictment. This mere fact should have "raised a red flag" to Petitioner's overall competency and the contents of the motion before the court.

11

28

Had the court conducted a proper inquiry into the actual contents of the motion, the court would have discovered that Petitioner was actually requesting of the court to dismiss Count I, for insufficient evidence.  Therefore, Petitioner' motion should have been proper construed as a Motion For Judgment of Acquittal Based Upon Insufficient Evidence pursuant to NRS 175.381(2).

NRS 178.381(2) reads:

> 2. The court may, on motion of a defendant or on its own motion, which is made after the jury returns a verdict of guilty, set aside the verdict and enter a judgment of acquittal if the evidence is insufficient to sustain a conviction.  The motion for judgment of acquittal must be made within 7 days after the jury is discharged or within such further time as the court may fix during that period.

In the instant case, Petitioner's Motion To Dismiss was in fact filed within seven (7) days after the jury reached a verdict and was discharged. Furthermore, the mere fact that the jury could not reach a decision on Count II and resulted in a hung jury, is the substantial evidence to support Petitioner's motion to dismiss Count I based upon insufficient evidence. When considering the circumstances, as there was no Count III to be dismiss, it's reasonable to reach a positive conclusion that Petitioner was actually requesting of the Court to dismiss Count I of the criminal indictment.

The "insufficiency of the evidence occurs where the prosecution has not produced a minimum threshold of evidence upon which a conviction may be based, even if such evidence were believed by

the jury." See, Evans V. State, 926 P.2d 265, 279 (Nev. 1996)(

quoting Purcell V. State, 887 P.2d 276, 279 (Nev. 1994).

As Petitioner filed his Motion to Dismiss in a timely manner

that the court denied, the issue was properly preserved for

appellate review and obligated to raise the claim on direct

appeal for review under an abuse of discretion.  When considering

the circumstances, Appellate counsel was ineffective in failing

to raise the district court's denial of Petitioner's Motion To

Dismiss.

The prejudicial effects are astronomical and have created

an unfair prejudice upon Petitioner.  Under the Strickland, test,

there exist a reasonable probability that the omitted issues

would have succeeded on direct appeal.  Counsel's actions, or

lack thereof, amount to the irreparable prejudice and comport to

nothing more than a clear form of ineffective assistance of

counsel pon appeal and extends a "reasonable probability" into

a "highly likely probability" that but for counsel's errors, the

results of the appeal process would have been extremely diffe-

rent.

Appellate counsel's failure to raise the above-mentioned

issues on appeal, ultimately deprived Petitioner of his Sixth

and Fourteenth Amendment right to an effective direct appeal.

Based upon these errors, Petitioner's conviction must be set

aside.

**Relief is warranted..**

13

**(b) Ground two:**

<u>**Supporting Facts:**</u>

THE PSYCHOLOGIST WHO CONDUCTED THE PSYCHOSEXUAL
EVALUATION OF PETITIONER REQUIRED BY NEV. REV.
STAT. § 176.139 DID NOT INTERVIEW PETITIONER, IN
VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT
TO THE UNITED STATES AND THE NEVADA CONSTITUTION

In the instant case, Petitioner put this Court on notice of
the fact of Dr. Nielsen's report regarding the psychosexual
evaluation.

NRS 176.139, provides for a Presentence Investigation and
report. Psychosexual evaluation of certain sex offenders required
standards and methods for conducting evaluations; acess to
records; rights of confidentiality and privileges deemed waived.

NRS 176.139, provide for the Department of Parole and
Probation to conduct a psychosexual evaluation. The person
conducting the evalution must use diagnostic tools that are
generally accepted as being within the standard of care for the
evaluation which must include "A comprehensive clinical interview
with the defendant."

In the instant case, Petitioner advised the Court of his
overall disagreement with Dr. Nielsen's line of questioning
in conducting the psychosexual evaluation. As the record clearly
demonstrates at sentencing, Petitioner stated the following:

THE COURT: Mr. Rodrigues, anything you'd like to say?

14

31

DEFENDANT: Yes, Dr. Nielsen's report, it's not-- it's not accurate. He talked to me for 10 minutes, and I didn't like the questions he was asking me because it didn't pertain to me. There was a not guilty plea entered because I was not guilty. This is--I tried to prove the best I could that this was a conspiracy conspired by Mrs. Rodrigues and her two oldest stepsons that don't live with her.

.... I didn't know what the wife had in mind, she admitted to me she's been having an affair with another man that I don't even know. And that's her concern she don't want me to come out for, because she thinks I'm going to do something.  I made divorce papers, I want to separate myself from her, I have--- although the children are not mine, I made a stipulation because of the publication of my book, by the age of 19 I'll open a trust account that each child will not  to exceed one million dollars in benefits, and this is what I have, in the divorce papers it's going to come up. And I don't know why she wants me in prison, I have no more to do with this woman...

In the instant case, Dr. Nielsen made a report indicating that Mr. Rodrigues was not a good candidate for sex offender treatment at this time. However, as Petitioner clearly indicated to the court, Dr. Nielsen asked Petitioner questions that were in direct conflict with his innocence and in essence, was attempting to convince Petitioner to admit his guilt to the charged offense.  This line of questioning was in conflict with Petitioner's innocence.

32

When considering the totality of the facts and circumstances, the report submitted by Dr. Nielsen was inaccurate and not a true and complete rendition of a psychosexual evalution for the court to make a factual determination of whether Petitioner actually qualified for sex offender treatment and probation.

Wherefore, the mere fact that Dr. Nielson did not complete a psychosexual evaluation and submit an accurate report, is a violation of Petitioner's Sixth and Fourteenth Amendment to the U.S. and Nevada Constitution and such sentence and conviction must be vacated.

**Relief is warranted...**

////

////

////

////

////

////

////

////

////

33

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

EXECUTED at ~~April~~ N.N.C.C. , Nevada on the 24th day of April , 2008

David Rodrigues , Petitioner

BAC No. 89491

Address: P.O. BOX 7000
Carson City, Nev. 89702



34

## VERIFICATION

Under penalty of perjury, the undersigned declares that he is the petitioner named in the foregoing petition and knows the contents thereof; that the pleading is true of his own knowledge, except as to those matters stated on information and belief, and as to such matters he believes them to be true.

David Rodrigues

DAVID RODRIGUES # 89591

35

# CERTIFICATE OF SERVICE BY MAIL

I, ___David Rodrigues___, hereby certify pursuant to N.R.C.P. 5(b), that

on this 24ᵗʰ day of _April_, 2008 I mailed/handed to a correction officer for mailing a true

and correct copy of the foregoing PETITION FOR WRIT OF HABEAS CORPUS addressed

to:

___N/A___

**Respondent prison or jail official**

_____

**address**
___N/A___

**District Attorney of County of** __Washoe__
Richard Gammick, Esq.

**address**
_P.O.BOX 30083_
Reno, Nevada 89520

**Attorney General**
**Heroes' Memorial Building**
**Capitol Complex**
**Carson City, Nevada 89710**

**Signature of Petitioner**
DAVID RODRIGUES #89491

36

1
2

# SECOND JUDICIAL DISTRICT COURT
# COUNTY OF WASHOE, STATE OF NEVADA

3
4

## AFFIRMATION
## Pursuant to NRS 239B.030

5

The undersigned does hereby affirm that the preceding document, _____

6
7

Writ of Habeas Corpus
(Post- Conviction)

### (Title of Document)

8
9

filed in case number: CR05P1593

10
11

[X]  Document does not contain the social security number of any person

12

**-OR-**

13

[ ]  Document contains the social security number of a person as required by:

14

[ ]  A specific state or federal law, to wit:

15
16

_____

### (State specific state or federal law)

17

**-or-**

18

[ ]  For the administration of a public program

19

**-or-**

20

[ ]  For an application for a federal or state grant

21

**-or-**

22

[ ]  Confidential Family Court Information Sheet
(NRS 125.130, NRS 125.230 and NRS 125B.055)

23
24

Date: April 24, 2008

David Rodrigues
**(Signature)**

25
26

DAVID RODRIGUES
**(Print Name)**

27
28

N/A
**(Attorney for)**

Case No. CR05-1593

Dept. No. 10          .37

IN THE SECOND   JUDICIAL DISTRICT COURT OF THE STATE OF

NEVADA IN AND FOR THE COUNTY OF  WASHOE

* * * * * * *

DAVID RODRIGUES                      ,

        Plaintiff/Petitioner,      MOTION FOR LEAVE TO PROCEED
                                      IN FORMA PAUPERIS

V.

THE STATE OF NEVADA            ,

        Defendant/Respondent. /

    The  Petitioner            ,  David Rodrigues

in properia persona, and respectfully moves this Honorable Court,

purauant to N.R.S. 12.015, for an order granting leave to

proceed in the above-entitled action in forma pauperis, without

requiring  Petitioner            to pay or provide security

for the payment of costs of prosecuting this action.

    This motion is made based upon the attached affidavit of

David Rodrigues       .

    Dated this  6th    Day of   May       2008

RESPECTFULLY SUBMITTED,

x David Rodrigues

David Rodrigues# #89491        38

P.O. Box
Carson City, Nv. 89702
Petitioner in Proper Person


IN THE ___SECOND___ JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF ___WASHOE___

DAVID RODRIGUES

        Petitioner,

  Vs.              Case No.: CR05-1593

THE STATE OF NEVADA      Dept. No.: ___10___

___Respondent___ /

**AFFIDAVIT IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS**

    I, ___DAVID RODRIGUES___, First being duly sworn, depose and say that I am Petitioner in the above-entitled case; that in support of my Motion to proceed without being required to prepay fees, costs or give security therefore; I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefore; that I am entitled to relief.

    I do XX Do not ___ request an attorney to be appointed for me.

I further swear that the responses, which I have made to question, and instructions below are true.

      1.  Are you presently employed:  Yes ___ No XX

          A. If the answer is yes, state the amount of your salary of wages per month, and give name and address of your employer:

                          N/A

          B. If the answer is no, state the date of last employment and the amount of salary and wages per month, which you received: ___2003___

39

2.  Have you received within the past twelve months any money from any of the following sources?  Family

      a. Business, profession or form of self-employment?   Yes ____ No xx

      b. Rent payments, interest or dividends ?   Yes ____ No xx

      c. Pensions, annuities or life insurance payments?   Yes ____ No xx

      d. Gifts or inheritances ?   Yes ____ No xx

      e. Any other sources ?   Yes ____ No xx

If the answer to any of the above is "YES" describe each source of money and state the amount received from each during the past twelve months:

Money from family

3. Do you own cash or equivalent prison currency, or do you have money in a checking or savings account ?  Yes xx  No ____

If the answer is "YES" state the total value of the items owned: ____ $200.

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuables property (excluding ordinary household furnishing and clothing)?  Yes ____ No xx

If your answer is "YES: describe the property and state its approximate value:

N/A

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support:

N/A

UNDER THE PENALTY OF PERJURY, Pursuant to NRS 208.165 the above affidavit is true and correct to the best of my personal knowledge.

DATED this ___6th___ day of _____May_____, 2008.

x David Rodriguez
Sign Your Name Here

_____
Print Your Name Here     DOC#

NNCC

40

# FINANCIAL CERTIFICATE

I hereby certify that the Petitioner/Plaintiff, _David Rodrigues #89491_

has the sum of $ _64.77_ on his account to his credit at the Northern Nevada

Correctional Center where he is confined.

I further certify that the Petitioner/Plaintiff likewise has the following securities to his credit

according to the records of said institution: _$ 200.00 in savings_

Dated this _25th_ day of _April_ 2008

_[signature]_
**Custody of Records**
**Nevada Department of Correction**
**Inmate Services Accounting**
**Post Office Box 7011**
**Carson City, Nevada 89702**

*41*

# AFFIRMATION
## Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding _____

Forma Pauperis

(Title of Document)

filed in District Court Case No. CV205-1593

    ☒    Does not contain the social security number of any person.

### -OR-

    ☐    Contains the social security number of a person as required by:

        A.  A specific state or federal law, to wit:

_____

(State specific law)

### -OR-

B. For the administration of a public program or
for an application for a federal or state grant.

_____

_Daniel Rodriguez_      _5/6/08_
(Signature)            (Date)

David Rodrigues

#89491

P.O. BOX 7000

Carson City, Nevada 89702

Proper Person

FILED

2008 MAY 14 PM 1:40

HOWARD W CONYERS

BY____Y. Lloyd____
DEPUTY

IN THE __SECOND__ JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF __WASHOE__

DAVID RODRIGUES,

      Plaintiff,

                                  CASE NO: CR05-1593

Vs.

                                    DEPT NO: 10

THE STATE OF NEVADA

      Defendant.

_____/

## APPLICATION TO PROCEED IN FORMA PAUPERIS
### (Filing Fees/Service Only)

Pursuant to NRS 12.015, and based on the following Affidavit, request permission from this Court to proceed without paying court cost or other cost and fees as provided in NRS 12.015 because I lack sufficient financial ability.

1

43

## AFFIDAVIT

STATE OF NEVADA       )
                               ) ss:

COUNTY OF __WASHOE_____ )

     I, __DAVID RODRIGUES_____, after being duly sworn, deposes

and state as follows:   I wish to file with this Court the

concurrently submitted pleading.  I cannot pay the costs of filing

because I lack sufficient income, assets or other resources.

Including myself, there are __OO__ adults and __OO__ children in my

household.  Their age(s) is/are____,____,_____, and_____.

__My total monthly income__ before taxes is:

From all sources including employment,
self-employment, social security, child
support, etc.....................................$___OO_____

Any other household income from another
member of the household:.........................$___OO_____

List where you work and your job title:_____ N/A___00_____

_____

__The following represents a list of my assets and their value:__

| Automobile | Value | Loan Balance |
|---|---|---|
| __N/A_____ | $_____ | $___OO_____ |
| Mobile Home, House or Other Real Estate: | | |
| __N/A_____ | $_____ | $___OO_____ |
| Bank Accounts | | |
| __N/A_____ | $_____ | $___OO_____ |
| Other | | |
| __N/A_____ | $_____ | $___OO_____ |
| _____ | $_____ | $___OO_____ |

2

My total monthly expenses are:

Rent or Mortgage.......................................$ 00

Phone, Gas, Electricity, and Other Utilities..........$ 00

Food..................................................$ 00

Child Care............................................$ 00

Insurance.............................................$ 00

Medical...............................................$ 00

Transportation........................................$ 00

Other

_____                    $ 00
(List other expenses)

TOTAL MONTHLY EXPENSES.................................$ 00
                                                      (From above)

I request the Court hold a hearing on this Application if the Court is inclined to deny same, so that I may testify as to my indigent status.

Other casue for indigent status:   I am currently incarcerated
      and have no means of employment to hire counsel

_____

      Dated this  13th  Day of    May            , 2008       .

                                    ✗David Rodriguez
                                    Affiant

SUBSCRIBED and SWORN to before me        FILED PURSUANT TO NRS 208.
                                         165 UNDER THE PENALTY OF
this_____day of_____ N/A , _____.    PERJURY

_____
Notary Public

                              3

NNCC

45          45

# FINANCIAL CERTIFICATE

I hereby certify that the Petitioner/Plaintiff, _David Rodriquez # 89491_

has the sum of $ _64.77_ on his account to his credit at the Northern Nevada

Correctional Center where he is confined.

I further certify that the Petitioner/Plaintiff likewise has the following securities to his credit

according to the records of said institution: _$ 200.00 in savings_

Dated this _25th_ day of _April_ 2008

_(signature)_

Custody of Records
Nevada Department of Correction
Inmate Services Accounting
Post Office Box 7011
Carson City, Nevada 89702

4 6

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF WASHOE, STATE OF NEVADA**

**AFFIRMATION**
**Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document, _____

Application Forma Pauperis
_____

(Title of Document)
_____

filed in case number: CR05-1593
_____

[X]  Document does not contain the social security number of any person

-OR-

[ ]  Document contains the social security number of a person as required by:

   [ ]  A specific state or federal law, to wit:

_____
(State specific state or federal law)

-or-

   [ ]  For the administration of a public program

-or-

   [ ]  For an application for a federal or state grant

-or-

   [ ]  Confidential Family Court Information Sheet
   (NRS 125.130, NRS 125.230 and NRS 125B.055)

Date: 5/13/08 _____

X David Rodriguez _____
(Signature)

David Rodriguez _____
(Print Name)

N/A _____
(Attorney for)

Affirmation
Revised December 15, 2006

47

Copy

Case No: CR05-1593

Dept No:   10

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

DAVID RODRIGUES ,      )
            Petitioner)
                        )
     vs                 )        **MOTION FOR APPOINTMENT
                        )        OF COUNSEL PURSUANT TO
STATE OF NEVADA ,       )        NRS 34.750**
            Respondent)

Petitioner, David Rodrigues      , pursuant to NRS 34.750
(1) (2) request the Honorable Court to appoint counsel to
represent him in this Habeas Corpus      petition for the
following reasons:

1.   Petitioner is not able to afford counsel, see motion to
proceed in Forma Pauperis and Affidavit in support filed with
the court.

2.   The issues involved in this matter are very complex.

3.   The issues involved in this case will require investigation
which the petitioner cannot do while confined in prison.

4.   Petitioner has very limited knowledge of the law and process
thereof.

5.   The ends of justice would best be served in this case if an
attorney was appointed to represent the petitioner.

Dated this      6th      day of May      ,2008

                              /s/ xDavid Rodrigues

Case No: CR05-1593

48

## CERTIFICATE OF MAILING

I hereby certify that on this **6th** day of **May**,
2008, I mailed a copy of the foegoing motion to the following
person:


Richard Gammick, Esq.
District Attorney
P.O. BOX 30083
Reno, Nevada 89520

David Rodrigues

49

# AFFIRMATION
## Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding _____

Motion For Counsel
_____
(Title of Document)

filed in District Court Case No. CR05 - 1593
_____

☑ Does not contain the social security number of any person.

### -OR-

☐   Contains the social security number of a person as required by:

A.  A specific state or federal law, to wit:

_____
(State specific law)

### -OR-

B. For the administration of a public program or
for an application for a federal or state grant.

_____

David Rodriguez        5/6/08
_____
(Signature)                    (Date)

50

**CODE: 2975**

# FILED

MAY 2 0 2008

HOWARD W. CONYERS, CLERK

By: _Howae_

DEPUTY CLERK

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

\*\*\*

DAVID RODRIGUES,

        Petitioner,

    vs.

THE STATE OF NEVADA,

        Respondent.

                  /

CASE NO:    CR05P1593

DEPT. NO:   10

## ORDER

    The record indicates that Petitioner has filed a Petition for Writ of Habeas Corpus (Post-Conviction). The Court has reviewed the Petition, and its supplement, and has determined that a response would assist the Court in determining whether the asserted grounds for relief alleged therein warrant an evidentiary hearing.

    **NOW, THEREFORE, IT IS HEREBY ORDERED** that Respondent shall, within 45 days after the date of the Order, answer or otherwise respond to the Petition and file a return in accordance with the provisions of NRS 34.360 through 34.830, inclusive.

    **DATED** this _20_ day of May, 2008.

STEVEN P. ELLIOTT
District Judge

-1-

5 /

## CERTIFICATE OF MAILING

I hereby certify that I am an employee of the Second Judicial District Court of the State of Nevada, in and for the County of Washoe; that on the _20_ day of May, 2008, I deposited for mailing a copy of the foregoing document addressed to:

Gary Hatlestad
Deputy District Attorney
Appellate Division
**Via Interoffice Mail**

David Rodrigues #89491
N.N.C.C.
P.O. Box 7000
Carson City, NV  89702

**DATED** this _20_ day of May, 2008.

HEIDI HOWDEN
Judicial Assistant

-2-

COPY

David Rodrigues #89491
Northern Nevada Corr. Center
P.O. BOX 7000
Carson City, Nevada 89702


IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE


DAVID RODRIGUES,

      Petitioner,

                            CASE NO: CR05P1593

Vs.

                            DEPT NO:  10

THE STATE OF NEVADA,

      Respondent.
_____/


## MOTION FOR LEAVE OF COURT
## TO AMEND WRIT OF HABEAS CORPUS (POST-CONVICTION)

COMES NOW, David Rodrigues, Petitioner, in proper person and in accordance with the dictates of Haines V. Kerner, 92 S.ct. 594 at 596, wherein, (Pro Se pleadings are to be held to a less stringent standard than those pleadings drafted by attorneys) and respectufully submits the instant Motion For Leave of Court To Amend Writ of Habeas Corpus (Post-Conviction).

The instant motion is made pursuant to all local rules governing this action as well as all papers, pleadings and infor-mation on file with the Clerk of the Court.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Petitioner was convicted pursuant to a jury verdict of one count of Lewdness With a Child Under the age of 14. Petitioner was sentenced to a prison ter, of Life with the possibility of Parole after 10 years. A timely notice of appeal was filed and the Nevada Surpeme Court affirmed the conviction on March 8, 2007 and issued its remittitur on April 4, 2007.

Pursuant to NRS 34.726, Petitioner had up until and including April 4, 2008 to file a Writ of Habeas Corpus/Post-Conviction petition. On November 30, 2007, Petitioner filed his time Writ of Habeas Corpus/Post-Conviction with the Clerk of the Court. However, because Petitioner did not use the appropriate form under NRS 34.735, on January 14, 2008, the district court declined to consider the petition and subsequently denied the petition on a technical defect without reaching the merits or providing Petitioner the opportunity to cure the defects by way of amending the petition pursuant to the Nevada Supreme Court decision announced in Miles V. State, 91 P.3d 588 (Nev. 2004).

Petitioner respectfully moves this Court for Leave to amend his original timely filed Writ of Habeas Corpus/Post-Conviction pursuant to Miles, 91 P.3d 588 (Nev. 2004).

////

////

////

2

## LEGAL ARGUMENT

### PETITIONER MUST BE ENTITLED TO CURE THE DEFECTS AND DEFICIENCIES OF THE ORIGINAL TIMELY FILED WRIT OF HABEAS CORPUS (POST-CONVICTION) PETITION IN ACCORDANCE WITH EQUAL DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE NEVADA AND U.S. CONST.

Petitioner asserts he should have been afforded the opportunity to cure the defects and deficiencies of his original and timely filed writ of habeas corpus (post-conviction) petition prior to the court's decision to decline to consider the petition on the merits.

### DEFICIENCIES AND DEFECTS

Petitioner, in proper person and with due diligence, filed a timely writ of habeas corpus (post-conviction) challenging his conviction. However, the petition was not in compliance with the standard form of NRS 34.735 and not properly verified pursuant to NRS 34.730(1).

On January 14, 2008, the district court declined to consider the petition by citing NRS 34.730 and NRS 34.735 based solely on the defects. In declining to consider the petition, the district court did not provide Petitioner with the opportunity or option to cure the defects and deficiencies by amending the petition with the proper form and verification.

In Miles V. State, 91 P.3d 588 (Nev. 2004), the Nevada Supreme Court addressed this very issue and concluded that the trial court could allow defects to be cured by amending the petition. Specifically, when addressing an unverified petition the Nevada Supreme Court went on to state:

> "....we have never held that a defective
> verification deprives the district court of
> jurisdiction to allow a petitioner to cure that
> defect."

See, Kilgore V. State, 791 S.W.2d 393, 395 (Mo.1990); Rodden V.

State, 795 S.W.2d 393, 395 (Mo. 1990)(noting in a post-conviction

habeas case, that "[e]ven an essential element of a pleading,

like verification, may be added by amendment").

Furthermore, "the Legislature has not mandated that the

district court dimiss an inadequate verified petition, nor has it

expressly prohibited a petition from curing techinical defects by

amendment." Miles, 91 P.3d at 589.

Therefore, the district court should have put Petitioner on

notice of the opportunity and option to cure the defects by

amendment prior to dismissing an otherwise timely writ of habeas

corpus (post-conviction) petition.

## TIMELINESS OF AMENDED PETITION

Petitioner's original petition was timely filed on November

30, 2007, approximately seven (7) months and sixteen (16) days

from the Nevada Supreme Court's affirmance of the direct appeal

of March 8, 2007 and issuing of the remittitur on April 4, 2007.

However, the district court denied Petitioner's petition on

January 14, 2008.

As Petitioner's original petition was timely filed and the

district court denied such petition on a technical defect without

putting Petitioner on notice of the opportunity and option to

cure the defects by amendment prior to dismissing the petition,

4

Petitioner's amended petition must be deemed timely filed.

In Miles, the Nevada Supreme Court addressed the issue of timeliness and went on to state:

> "Once the [district] court acquires jurisdiction by the timely filing of the petition for the writ, **any defects in the petition may be cured by amendment, even after the [statutory time limit for filing the petition has] elapsed......**"

NRS 34.750(5) (emphasis added)

In the instant case, the district court acquired jurisdiction of the timely filed petition on November 30th, 2007, however, the court summarily declined the consider the petition solely based upon a techinical defect which could have been cured by amendment. Therefcre, as the original petition was timely filed, Petitioner's amended petition must also be deemed timely filed regardless of regardless of the statutory time constraints.

Furthermore, as recognized by the Court in Miles, "the district court's resolution of claims presented in a timely filed, non-successive post-conviction habeas corpus petition will reduce the likelihood of subsequent post-conviction proceedings." Id. at 590.

## CONCLUSION

WHEREFORE, based upon the forgoing facts and circumstances, Petitioner must be granted Leave to file his amended Writ of habeas Corpus/Post-Conviction without having to contend with the

the procedural defaults and hurdles set forth in NRS 34.726. With good cause appearing, Petitioner respectfully request of this Court to grant the instant motion in its entirety and permit Petitioner to proceed accordingly.

Dated this 24ᵗʰ day of April , 2008

David Rodrigues #89491

## CERTIFICATE OF MAILING

I hereby certify that on this 24ᵗʰ day of April , 2008, I mailed a true and correct copy of the foregoing motion to the following person(s):

Richard Gammick, Esq.
District Attorney
P.O. BOX 30083
Reno, Nevada 89520-3083

Washoe County Court Clerk
P.O. BOX 30083
Reno, Nevada 89520

David Rodrigues #89491

58

1  David Rodrigues #89491
   N.N.C.C P.O, Box 7000
2  Carson City, Nevada.
              89702
3  In Pro se

FILED

2008 JUL 11  PM 4: 50

HOWARD W. CONYERS

BY   Y. Lloyd
        DEPUTY

4

5

6          IN THE SECOND JUDICIAL DISTRICT COURT

7      OF THE STATE OF NEVADA FOR THE COUNTY OF WASHOE

8  DAVID RODRIGUES          )      Case No. CR05P1593
              Petitioner,   )      Dept. No. 10
9                           )
   Vs.                      )      MOTION TO DENY RESPONDENT
10                          )      MOTION TO DISMISS BASED
   THE STATE OF NEVADA      )      UPON THE FOLLOWING FACTS
11            Respondent    )      THAT WAS PRESENTED TIMELY
   _____ )      IN PETITIONERS WRIT OF
12                                 HABEAS CORPUS (POST
                                   CONVICTION)

13         On the 24th day of April 2008, petitioner filed into

14  this court a petition for writ of habeas corpus (post conviction)

15  on May 20th, 2008 this court issued an order for the State to

16  answer or respond within 45 days from that date of the order,

17  within the provision of N.R.S. 34.360 thru 34. 830,.

18         The respondent did not respond until July 7th, 2008,

19  49 days later, therefore did not respond timely,. all of the

20  violations that petitioner out-lined in the writ of habeas corpus

21  (post conviction) was clearly out lined, and it shall show on all

22  the records of the pretrial hearing, the trial, and the senticing

23  as well.

24         On the 6th day of May 2008, petitioner did file a

25  Motion for appointment of counsul, pursuant to N,R.S.34.750,. and

26  as of this date  that have not yet been ordered by this court,.

27         Petitioner is in prison and limited to what he can do

28  for himself to respond of all the violations that is a part of

                          -1-

1   The records, of the pretrial, the trials, and the sentencing

2   hearing as well as presented in petitioners writ of habeas corpus

3   the is before this court, the respondent stated inthe States

4   motion to dismiss, that the phychosexual evalution after

5   sentence did take place, my motion in this court was very clear

6   that the petitioner did not let  Dr. Nelson evaute petitioner at

7   all as the motion filled in this court that is on the record

8   shall show, what more is needed to get justice from this court,

9   all the issues that was presented to this court on petitioners

10  motion for writ of habeas corpus, and post conviction, of

11  violations did acurre and is recoreded on the pretrial, trial and

12  senticing hearing, as well therefore forall the facts of

13  violations there is good cause showing, therefore this court,

14  must deny respondents request to dismiss.


16          Respectfully Submitted,

18          On this 9th, day of July 2008.

19      X   _David Rodrigues_
20          David Rodrigues # 89491
            N.N.C.C. P.O. Box 7000
21          Carson City, Nevada.
                          89702

-2-

1

## VERIFICATION OF SERVICE

2      I David Rodrigues, this 9th day of July 2008, did

3  serve a true copy of this Motion to the following listed below;

4          1. The County District Attorney
              75 Court Street
5              Reno, Nevada. 80701

6          2. Attorney General for the State of Nevada
              Heroes Memorial Bulding
7              Capital Complex
               Carson City, Nevada. 89710

8

9          Executed on this 9th day of July 2008 in Carson

10  City, Nevada. 89702.

11

12      X _David Rodrigues_____
            David Rodrigues #89491
13          N.N.C.C P.O. Box 7000
            Carson City, Nevada.
14                       89702

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF WASHOE, STATE OF NEVADA**

3

4

**AFFIRMATION**
**Pursuant to NRS 239B.030**

5

The undersigned does hereby affirm that the preceding document, _____

6

*Motion to Deny, State motion to*

7

*Dismiss, a*

8

(Title of Document)

9

filed in case number: _C R O 5 P 1 5 9 3_

10

11

☒ Document does not contain the social security number of any person

-OR-

12

13

☐ Document contains the social security number of a person as required by:

14

☐ A specific state or federal law, to wit:

15

16

_____
(State specific state or federal law)

17

-or-

18

☐ For the administration of a public program

19

-or-

20

☐ For an application for a federal or state grant

21

-or-

22

☐ Confidential Family Court Information Sheet
(NRS 125.130, NRS 125.230 and NRS 125B.055)

23

24

Date: _July, 9th, 2008_

25

_David Rodriguez_
(Signature)

26

_DAVID RODRIGUES_
(Print Name)

27

28

_N/A_
(Attorney for)

Affirmation
Revised December 15, 2006

CODE #2300
RICHARD A. GAMMICK
#001510
P. O. Box 30083
Reno, Nevada 89520-3083
(775)328-3200
Attorney for Respondent

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA,

IN AND FOR THE COUNTY OF WASHOE

* * *

DAVID RODRIGUES,

                Petitioner,

    v.

THE STATE OF NEVADA,

                Respondent.

_____/

Case No. CR05P1593

Dept. No. 10

## MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS
## (POST-CONVICTION)

Petitioner was convicted, pursuant to a jury verdict, of one count of lewdness with a child under the age of 14 years. The Nevada Supreme Court affirmed the judgment of conviction on March 8, 2007; and the Court issued its remittitur on April 3, 2007. Petitioner filed what purported to be a post-conviction petition for writ of habeas corpus on November 30, 2007. This court dismissed the petition on January 14, 2008, because it was deficient in form. The court filed a notice of entry of its order on April 4, 2008. Petitioner filed a notice of appeal on March 4, 2008. Petitioner also filed an "amended" habeas petition on April 29, 2008. The State moves this court to dismiss the petition.

    Assuming that petitioner's first petition was an actual petition, the second petition is successive, and is therefore procedurally barred, unless petitioner can show good cause and

1

1  prejudice. *See* NRS 34.810(2). If the first pleading was not a petition (since it did not even

2  remotely follow the form required by NRS 34.730(2)("The petition must be titled 'Petition for

3  Writ of Habeas Corpus (Postconviction)' and be in substantially the form set forth in NRS

4  34.735[]") and NRS 34.735), it was untimely, and therefore subject to dismissal, unless

5  petitioner shows cause and prejudice. Petitioner shows neither. *See* NRS 34.735 (requiring

6  petitioner to state reasons for filing an untimely petition in the petition itself).

7      The court should also dismiss the petition because it fails to state specific facts that

8  demonstrate prejudice, as shown below.

9  <u>Ground One / First Claim</u>

10      Petitioner first claims that his appellate counsel was ineffective by failing to argue on

11  direct appeal that this court abused its discretion when it denied his motion for the

12  appointment of a new psychologist. Presumably, petitioner refers to the psychologist who

13  interviewed him for the psychosexual evaluation after petitioner was convicted.

14      "[A] defendant seeking post-conviction relief must raise more than conclusory claims for

15  relief; a defendant must support any claims with specific factual allegations that if true would

16  entitle him or her to relief." *Pangallo v. State*, 12 Nev. 1533, 1536, 930 P.2d 100, 102 (1996);

17  *Nobles v. Warden*, 106 Nev. 67, 787 P.2d 340 (1990)(habeas claim that merely alleged

18  defendant's sentence was based on errors in presentence report properly dismissed where

19  petition failed to specify errors). To state a claim of ineffective assistance of appellate counsel,

20  a petitioner must demonstrate that counsel's performance was deficient in that it fell below an

21  objective standard of reasonableness, which resulted in prejudice because the omitted issue

22  would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 923

23  P.2d 1102, 1114 (1996)(citing *Strickland v. Washington*, 466 U.S. 668, 668 (1984)). Appellate

24  counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S.

25  745, 751 (1983).

26      Here, petitioner merely alleges that he had asserted that the psychologist who evaluated

2

1   him for sentencing purposes was "'prejudiced and connot [sic] render a just evaluation.'"

2   (Petition, 9). Based on this allegation, petitioner explains that this issue was properly

3   preserved for appellate review, and, as such, appellate counsel should have argued that this

4   court abused its discretion by not granting the appointment of a new psychologist.

5       Such a conclusory allegation, however, fails to explain why the psychologist was

6   prejudiced so that this court should not have considered the psychologist's opinion. Thus,

7   petitioner fails to show that this court abused its discretion in relying on the psychologist's

8   report. Petitioner also fails to show how the appointment of a new psychologist would have

9   made any difference, i.e., petitioner fails to show he was prejudiced by the psychologist's

10  report. In sum, petitioner's  claim would not have led the Nevada Supreme Court to grant

11  relief. The court should dismiss this claim.

12  Second Claim

13      Petitioner claims his appellate counsel should have argued that this court abused its

14  discretion by denying his motion to produce witness. Petitioner, however, does not show any

15  prejudice from the absence of the witness. Accordingly, the court should dismiss the claim.

16  Third Claim

17      Petitioner asserts his appellate counsel should have argued that this court abused its

18  discretion by denying his motion to dismiss for insufficient evidence. Petitioner argues the

19  motion should have been construed as a motion for judgment of acquittal based on insufficient

20  evidence. The record repels this claim: appellate counsel did argue that there was insufficient

21  evidence to sustain the conviction. *See* attached Order, *Rodrigues v. State*, Order of

22  Affirmance, No. 46745 (March 8, 2007). Accordingly, the court should dismiss this claim. *See*

23  *Pangallo v. State*, 112 Nev. 1533, 1536, 930 P.2d 100, 102 (1996)("the defendant is not entitled

24  to an evidentiary hearing if the factual allegations are belied or repelled by the record").

25  Ground Two

26      Here, petitioner asserts he told this court that he disagreed with how the psychologist

3

65

interviewed him, specifically, that the psychologist interviewed petitioner with the assumption that petitioner was guilty. Petitioner claims the psychosexual evaluation was not accurate. This claim could have been raised on direct appeal. Thus, the court should dismiss it. NRS 34.810(1)(b)(2). Further, a jury had convicted petitioner; thus, he was guilty. Any such assumption by the psychologist was therefore warranted. Petitioner has failed to set forth a claim warranting relief.

For the foregoing reasons, the State respectfully requests the court to dismiss the petition.

<u>AFFIRMATION PURSUANT TO NRS 239B.030</u>

The undersigned does hereby affirm that the preceding document does not contain the social security number of any person.

DATED: July 7, 2008.

RICHARD A. GAMMICK
District Attorney

By_____
JOSEPH R. PLATER
Appellate Deputy

4

66

## CERTIFICATE OF MAILING

Pursuant to NRCP 5(b), I hereby certify that I am an employee of the Washoe County District Attorney's Office and that, on this date, I deposited for mailing through the U.S. Mail Service at Reno, Washoe County, Nevada, postage prepaid, a true copy of the foregoing document, addressed to:

David Rodrigues #89491
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, NV 89702

DATED: July 7, 2008.

5

67

1　David Rodrigues #89491
N.N.C.C P.O, Box 7000
2　Carson City, Nevada.
　　　　　　89702
3　In Pro se

FILED

2008 JUL 11  PM 4:50

HOWARD W. CONYERS
**Y. Lloyd**
BY_____
　　　　DEPUTY

4

5

6　　　　IN THE SECOND JUDICIAL DISTRICT COURT

7　　OF THE STATE OF NEVADA FOR THE COUNTY OF WASHOE

8　DAVID RODRIGUES　　　　　）　　Case No. CR05P1593
　　　　　　　Petitioner,　　）　　Dept. No. 10
9　　　　　　　　　　　　　　　　）
　Vs.　　　　　　　　　　　　）　　**MOTION TO DENY RESPONDENT**
10　　　　　　　　　　　　　　　）　　**MOTION TO DISMISS BASED**
　THE STATE OF NEVADA　　　　）　　**UPON THE FOLLOWING FACTS**
11　　　　　　　Respondant　　）　　**THAT WAS PRESENTED TIMELY**
　　　　　　　　　　　　　　　　　　**IN PETITIONERS WRIT OF**
12　　　　　　　　　　　　　　　　　**HABEAS CORPUS (POST**
　　　　　　　　　　　　　　　　　　**CONVICTION)**

13　　　　　On the 24th day of April 2008, petitioner filed into

14　this court a petition for writ of habeas corpus (post conviction)

15　on May 20th, 2008 this court issued an order for the State to

16　answer or respond within 45 days from that date of the order,

17　within the provision of N.R.S. 34.360 thru 34. 830,.

18　　　　　The respondent did not respond until July 7th, 2008,

19　49 days later, therefore did not respond timely,. all of the

20　violations that petitioner out-lined in the writ of habeas corpus

21　(post conviction) was clearly out lined, and it shall show on all

22　the records of the pretrial hearing, the trial, and the senticing

23　as well.

24　　　　　On the 6th day of May 2008, petitioner did file a

25　Motion for appointment of counsul, pursuant to N,R.S.34.750,. and

26　as of this date  that have not yet been ordered by this court,.

27　　　　　Petitioner is in prison and limited to what he can do

28　for himself to respond of all the violations that is a part of

　　　　　　　　　　　　　　-1-

68

1   The records, of the pretrial, the trials, and the sentencing

2   hearing as well as presented in petitioners writ of habeas corpus

3   the is before this court, the respondent stated inthe States

4   motion to dismiss, that the phychosexual evalution after

5   sentence did take place, my motion in this court was very clear

6   that the petitioner did not let  Dr. Nelson evaute petitioner at

7   all as the motion filled in this court that is on the record

8   shall show, what more is needed to get justice from this court,

9   all the issues that was presented to this court on petitioners

10  motion for writ of habeas corpus, and post conviction, of

11  violations did acurre and is recoreded on the pretrial, trial and

12  senticing hearing, as well therefore forall the facts of

13  violations there is good cause showing, therefore this court,

14  must deny respondents request to dismiss.

15

16          Respectfully Submitted,

17

18          On this 9th, day of July 2008.

19      X   *David Rodriguez*

20          David Rodrigues # 89491
            N.N.C.C. P.O. Box 7000

21          Carson City, Nevada.
                            89702

22

23

24

25

26

27

28

                            -2-

69

1

**VERIFICATION OF SERVICE**

2        I David Rodrigues, this 9th day of July 2008, did

3   serve a true copy of this Motion to the following listed below;

4            1. The County District Attorney
                75 Court Street
5               Reno, Nevada. 80701

6            2. Attorney General for the State of Nevada
                Heroes Memorial Bulding
7               Capital Complex
                Carson City, Nevada. 89710

8

9        Executed on this 9th day of July 2008 in Carson

10  City, Nevada. 89702.

11

12       x  *David Rodrigues*
             David Rodrigues #89491
13           N.N.C.C P.O. Box 7000
             Carson City, Nevada.
14                        89702

15

16

17

18

19

20

21

22

23

24

25

26

27

28

70

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF WASHOE, STATE OF NEVADA**

**AFFIRMATION**
**Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document, _____

*Motion to Deny, State Motion to Dismiss, a*

(Title of Document)

filed in case number: *C RO 5 P 1593*

[X] Document does not contain the social security number of any person

**-OR-**

[ ] Document contains the social security number of a person as required by:

[ ] A specific state or federal law, to wit:

_____

(State specific state or federal law)

**-or-**

[ ] For the administration of a public program

**-or-**

[ ] For an application for a federal or state grant

**-or-**

[ ] Confidential Family Court Information Sheet
(NRS 125.130, NRS 125.230 and NRS 125B.055)

Date: *July, 9th, 2008*          *David Rodriguez*
                                   (Signature)

                                   *DAVID RODRIGUES*
                                   (Print Name)

                                   *N/A*
                                   (Attorney for)

Affirmation
Revised December 15, 2006

IN THE SECOND JUDICIAL DISTRICT COURTOF
THE STATE OF NEVADA

David Rodrigious,               )
          Appellant,            )
      Vs.                       )        Case No. CROpl593
The State of Nevada, et al,)
          Respondents.          )

Amended Motion in response to the District Attorney,

Motion To Dismiss, and amend Motion To Submit.

Comes now time for the Appellant to file this evidence of

all fillings of Appellants Appeal as of this date; the District

Attorney in his responses to Appellants Writ of Habeas Corpus

that was file in this Court and all filings of Appeals into the

sentencing Court, The Supreme Court of Nevada and the United

States District Court as well, as the records of filing that is

submitted herein shall more than show more below all filing by

Appellant was in fact all filed timely. Therefor the Motion

filed in responses by the District Attorney was in fact in error

and filed untimely as well.

Therefor due to the fact of all the inclosed records of

filing, this Court is left without any recourse  but to grant

Appellants Motion To Dismiss Count ONE and Count TWO, and to

release from prison, and all the records of this above case, the

order should be given, and the records expunged.

(1)

72

1    Therefor the Appellant, David Rodrigious request that The

2    Honorable Court order the Conviction Reversed and the Sentnece

3    vacated, and all of the legal proceedings from arrest to the

4    imprisonment be expunged from the record.

5                              Respectfully Submitted By;

6                              *David Rodrigious* (signature)

7                              David Rodrigious
                               P.O. Box 7000
                               N.N.C.C.
8                              Carson City, Nevada 89702

9    Dated this _14th_ Day of August, 2008.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                      (2)

73

1    **CERTIFICATE OF SERVICE BY MAIL**

2

3         Pursuant to N.R. C.P. Rule 5 (b), I hereby certify that I

4    am The Appellant named herein and on this_____Day of_____,

5    2008, I deposited it in the United States Mail in Carson City,

6    Nevada A true and copy of the foregoing document addressed to:

7             Cathrine Cortez Masto
              Attorney General of The State of Nevada
8             201 South Carson Street
              Carson City, Nevada 89701

9
              Washoe County District Attorney
10            75 Court Street
              Reno, Nevada 89501

11

12                                     *David Rodriguez*
                                       David rodrigious
13                                     P.O. Box 7000
                                       N.N.C.C.
14                                     Carson City, Nevada 89702

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Appeals Report

| Case ID | Text IN | Date | Pages | Volume |
|---|---|---|---|---|
| CR05P1593 | AMENDED INFORMATION | 11/07/05 | 184-187 | 1 |
| CR05P1593 | AMENDED MOTION FOR TRANSCRIPTS | 10/20/05 | 109-110 | 1 |
| CR05P1593 | APPLICATION FOR SETTING | 09/06/05 | 34 | 1 |
| CR05P1593 | CASE APPEAL STATEMENT | 02/01/06 | 352-353 | 2 |
| CR05P1593 | CASE APPEAL STATEMENT | 02/01/06 | 354-355 | 2 |
| CR05P1593 | CASE APPEAL STATEMENT | 03/04/08 | 854-855 | 4 |
| CR05P1593 | CASE APPEAL STATEMENT | 11/14/05 | 234-235 | 1 |
| CR05P1593 | CERTIFICATE OF CLERK | 02/01/06 | 350 | 2 |
| CR05P1593 | CERTIFICATE OF CLERK | 02/01/06 | 351 | 2 |
| CR05P1593 | CERTIFICATE OF CLERK | 03/04/08 | 856 | 4 |
| CR05P1593 | CERTIFICATE OF CLERK | 11/14/05 | 237 | 1 |
| CR05P1593 | CERTIFICATE OF CLERK - RECORD ON APPEAL | 06/24/08 | 905 | 4 |
| CR05P1593 | CERTIFICATE OF TRANSMITTAL | 02/01/06 | 348 | 2 |

| Case ID | Text IN | Date | Pages | Volume |
|---------|---------|------|-------|--------|
| CR05P1593 | CERTIFICATE OF TRANSMITTAL | 02/01/06 | 349 | 2 |
| CR05P1593 | CERTIFICATE OF TRANSMITTAL | 03/04/08 | 857 | 4 |
| CR05P1593 | CERTIFICATE OF TRANSMITTAL | 11/14/05 | 236 | 1 |
| CR05P1593 | CERTIFICATE OF TRANSMITTAL - RECORD ON APPEAL | 06/24/08 | 906 | 4 |
| CR05P1593 | COURT SERVICES REPORT | 07/20/05 | 1-2 | 1 |
| CR05P1593 | INFORMATION | 07/26/05 | 4-7 | 1 |
| CR05P1593 | JUDGMENT | 01/26/06 | 339-340 | 2 |
| CR05P1593 | JURY INSTRUCTIONS 1-28 | 11/09/05 | 205-233 | 1 |
| CR05P1593 | JURY QUESTION - NO REPSONSE | 11/09/05 | 204 | 1 |
| CR05P1593 | JURY QUESTION - NO RESPONSE | 11/08/05 | 195 | 1 |
| CR05P1593 | MINUTES | 06/24/08 | END | 4 |
| CR05P1593 | MOTION FOR APPEAL BOND | 01/31/06 | 345 | 2 |
| CR05P1593 | MOTION FOR APPEAL BOND | 08/22/07 | 798-802 | 4 |
| CR05P1593 | MOTION FOR APPOINTMENT OF COUNSEL | 05/14/08 | 899-901 | 4 |
| CR05P1593 | MOTION FOR APPOINTMENT OF NEW PSYCHOLOGIST | 12/06/05 | 301-302 | 2 |
| CR05P1593 | MOTION FOR CHANGE OF VENUE | 09/19/05 | 45-47 | 1 |

| Case ID | Text IN | Date | Pages | Volume |
|---------|---------|------|-------|--------|
| CR05P1593 | MOTION FOR CONTINUANCE | 11/07/05 | 178-183 | 1 |
| CR05P1593 | MOTION FOR LEAVE OF COURT TO AMEND WRIT OF HABEAS CORPUS (POST-CONVICTION) | 04/29/08 | 870-876 | 4 |
| CR05P1593 | MOTION FOR OWN RECOGNIZANCE RELEASE OR BAIL REDUCTION | 09/06/05 | 35-38 | 1 |
| CR05P1593 | MOTION FOR POST-CONVICTION REMEDY | 11/30/07 | 806-834 | 4 |
| CR05P1593 | MOTION FOR PROPER BAIL HEARING UNDER WRIT OF HABEAS CORPUS | 08/18/05 | 8-12 | 1 |
| CR05P1593 | MOTION FOR PROPER MEDICAL TREATMENT | 08/18/05 | 17-21 | 1 |
| CR05P1593 | MOTION FOR RELEASE ON O.R | 01/04/06 | 326-328 | 2 |
| CR05P1593 | MOTION FOR TRANSCRIPTS AT PUBLIC EXPENSE | 03/17/06 | 402-404 | 2 |
| CR05P1593 | MOTION FOR TRANSCRIPTS AT PUBLIC EXPENSE | 09/19/05 | 48 | 1 |
| CR05P1593 | MOTION FOR TRANSCRIPTS AT PUBLIC EXPENSE | 11/29/05 | 290-293 | 2 |
| CR05P1593 | MOTION OF INQUIRY | 12/18/07 | 841-843 | 4 |
| CR05P1593 | MOTION RE; SENTENCE | 11/16/05 | 246-252 | 1 |
| CR05P1593 | MOTION TO AMEND APPEAL SENT TO THE COURT | 10/20/05 | 106-108 | 1 |
| CR05P1593 | MOTION TO APPOINT NEW PSYCHOLIGIST | 12/06/05 | 300 | 2 |
| CR05P1593 | MOTION TO ARREST THE SENTENCE | 01/31/06 | 341-343 | 2 |
| CR05P1593 | MOTION TO BE ALLOWED TO APPEAL | 11/07/05 | 174-177 | 1 |

| Case ID | Text IN | Date | Pages | Volume |
|---------|---------|------|-------|--------|
| CR05P1593 | MOTION TO CORRECT STATE ERROR IN MOTION TO DISMISS AND RESPOND | 12/27/05 | 316-318 | 2 |
| CR05P1593 | MOTION TO DISMISS COUNTS II AND III | 12/15/05 | 308-309 | 2 |
| CR05P1593 | MOTION TO DISMISS OR MOTION TO RECONSIDER O.R. | 10/25/05 | 115-116 | 1 |
| CR05P1593 | MOTION TO PRODUCE WITNESSES | 12/07/05 | 303-305 | 2 |
| CR05P1593 | MOTION TO RECONSIDER MOTION FOR PROPER MEDICAL TREATMENT | 11/17/05 | 254-255 | 2 |
| CR05P1593 | MOTION TO SUPPRESS | 10/25/05 | 111-114 | 1 |
| CR05P1593 | MOTION TO VACATE OR SET ASIDE THE SENTENCE OF THE COURT | 02/22/06 | 357-374 | 2 |
| CR05P1593 | NOTICE OF APPEAL | 01/31/06 | 344 | 2 |
| CR05P1593 | NOTICE OF APPEAL | 02/01/06 | 346-347 | 2 |
| CR05P1593 | NOTICE OF APPEAL | 03/04/08 | 850-853 | 4 |
| CR05P1593 | NOTICE OF APPEAL | 11/04/05 | 173 | 1 |
| CR05P1593 | NOTICE OF APPEAL | 11/07/05 | 188-189 | 1 |
| CR05P1593 | NOTICE OF APPEAL | 11/09/05 | 196-197 | 1 |
| CR05P1593 | NOTICE OF ENTRY OF ORDER | 04/04/08 | 864-867 | 4 |
| CR05P1593 | NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE INFORMATION | 11/07/05 | 190-194 | 1 |
| CR05P1593 | NOTICE OF STATE'S WITNESSES TO BE CALLED IN STATE'S CASE IN CHIEF | 10/27/05 | 154-156 | 1 |

| Case ID | Text IN | Date | Pages | Volume |
|---------|---------|------|-------|--------|
| CR05P1593 | ORDER | 01/14/08 | 844-846 | 4 |
| CR05P1593 | ORDER | 03/03/06 | 399-401 | 2 |
| CR05P1593 | ORDER | 05/20/08 | 902-903 | 4 |
| CR05P1593 | ORDER APPOINTING COUNSEL | 03/01/06 | 397-398 | 2 |
| CR05P1593 | ORDER DENYING MOTION FOR RELEASE ON O.R. | 01/20/06 | 337-338 | 2 |
| CR05P1593 | ORDER DENYING MOTION TO DISMISS | 01/20/06 | 333-336 | 2 |
| CR05P1593 | ORDER DENYING TRIAL TRANSCRIPTS AT PUBLIC EXPENSE | 01/20/06 | 331-332 | 2 |
| CR05P1593 | ORDER FOR CONTINUANCE | 11/30/05 | 294-295 | 2 |
| CR05P1593 | ORDER FOR TRANSCRIPTS AT PUBLIC EXPENSE | 03/30/06 | 406-407 | 2 |
| CR05P1593 | PETITION FOR WRIT OF HABEAS CORPUS - AMENDED | 04/29/08 | 877-896 | 4 |
| CR05P1593 | PETITIONER'S REPLY TO RESPONDENTS MOTION TO APPEAL BOND PENDING APPEAL | 05/08/06 | 782-784 | 4 |
| CR05P1593 | PROOF OF SERVICE | 09/28/05 | 50 | 1 |
| CR05P1593 | REQUEST FOR SUBMISSION | 01/11/06 | 329-330 | 2 |
| CR05P1593 | REQUEST FOR SUBMISSION | 08/30/05 | 32-33 | 1 |
| CR05P1593 | REQUEST FOR SUBMISSION | 09/28/05 | 49 | 1 |
| CR05P1593 | REQUEST FOR SUBMISSION | 11/04/05 | 171-172 | 1 |

_80er 79_

| Case ID | Text IN | Date | Pages | Volume |
|---------|---------|------|-------|--------|
| CR05P1593 | REQUEST FOR SUBMISSION | 12/13/05 | 306-307 | 2 |
| CR05P1593 | REQUEST FOR SUBMISSION | 12/13/07 | 835-840 | 4 |
| CR05P1593 | REQUEST, AGREEMENT AND ORDER FOR PRE-TRIAL RECIPROCAL DISCOVERY | 11/15/05 | 243-245 | 1 |
| CR05P1593 | STATE'S NOTICE OF EXPERT WITNESS TO BE CALLED IN STATE'S CASE IN CHIEF | 10/18/05 | 51-73 | 1 |
| CR05P1593 | STATE'S NOTICE OF INTENT TO PRESENT CHILD HEARSAY IN STATE'S CASE IN CHIEF | 10/27/05 | 117-120 | 1 |
| CR05P1593 | STATE'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE ON OWN RECONGNIZANCE OR FOR BAIL REDUCTION | 09/14/05 | 39-44 | 1 |
| CR05P1593 | STATE'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO | 12/21/05 | 310-314 | 2 |
| CR05P1593 | STATE'S REPLY IN OPPOSITION FOR DEFENDANT'S MOTION FOR BAIL PENDING APPEAL | 04/27/06 | 774-781 | 4 |
| CR05P1593 | STATE'S REPLY TO DEFENDANT'S MOTION TO DISMISS OR MOTION TO RECONSIDER O.R. | 11/02/05 | 157-162 | 1 |
| CR05P1593 | STATE'S REPLY TO DEFENDANT'S MOTION TO SUPPRESS | 11/02/05 | 163-170 | 1 |
| CR05P1593 | STIPULATION FOR CONTINUANCE | 11/18/05 | 256-257 | 2 |
| CR05P1593 | SUPREME COURT CLERK'S CERTIFICATE | 04/04/07 | 792 | 4 |
| CR05P1593 | SUPREME COURT NOTICE IN LIEU OF REMITTITUR | 03/21/08 | 860 | 4 |
| CR05P1593 | SUPREME COURT NOTICE IN LIEU OF REMITTITUR | 05/27/08 | 904 | 4 |
| CR05P1593 | SUPREME COURT NOTICE IN LIEU OF REMITTITUR | 10/05/07 | 805 | 4 |
| CR05P1593 | SUPREME COURT NOTICE IN LIEU OF REMITTITUR | 12/05/05 | 299 | 2 |



| Case ID | Text IN | Date | Pages | Volume |
|---------|---------|------|-------|--------|
| CR05P1593 | SUPREME COURT ORDER | 09/22/06 | 785-786 | 4 |
| CR05P1593 | SUPREME COURT ORDER DENYING MOTION | 03/20/06 | 405 | 2 |
| CR05P1593 | SUPREME COURT ORDER DENYING MOTIONS | 04/10/08 | 869 | 4 |
| CR05P1593 | SUPREME COURT ORDER DENYING PETITION | 02/26/08 | 848-849 | 4 |
| CR05P1593 | SUPREME COURT ORDER DENYING PETITION | 05/05/08 | 897-898 | 4 |
| CR05P1593 | SUPREME COURT ORDER DENYING PETITION | 09/06/07 | 803-804 | 4 |
| CR05P1593 | SUPREME COURT ORDER DENYING PETITION | 11/09/05 | 202 | 1 |
| CR05P1593 | SUPREME COURT ORDER DENYING RELIEF | 11/30/05 | 298 | 2 |
| CR05P1593 | SUPREME COURT ORDER DENYING RELIEF | 12/23/05 | 315 | 2 |
| CR05P1593 | SUPREME COURT ORDER DIRECTING TRANSMISSION OF RECORD | 04/02/08 | 862-863 | 4 |
| CR05P1593 | SUPREME COURT ORDER OF AFFIRMANCE | 03/12/07 | 787-790 | 4 |
| CR05P1593 | SUPREME COURT ORDER OF AFFIRMANCE | 04/04/07 | 793-797 | 4 |
| CR05P1593 | SUPREME COURT ORDER OF LIMITED REMAND FOR APPOINTMENT OF COUNSEL | 02/27/06 | 395-396 | 2 |
| CR05P1593 | SUPREME COURT RECEIPT FOR DOCUMENTS | 02/09/06 | 356 | 2 |
| CR05P1593 | SUPREME COURT RECEIPT FOR DOCUMENTS | 02/14/08 | 847 | 4 |
| CR05P1593 | SUPREME COURT RECEIPT FOR DOCUMENTS | 03/11/08 | 858 | 4 |

A-81

| Case ID | Text IN | Date | Pages | Volume |
|---------|---------|------|-------|--------|
| CR05P1593 | SUPREME COURT RECEIPT FOR DOCUMENTS | 03/11/08 | 859 | 4 |
| CR05P1593 | SUPREME COURT RECEIPT FOR DOCUMENTS | 03/31/08 | 861 | 4 |
| CR05P1593 | SUPREME COURT RECEIPT FOR DOCUMENTS | 04/07/08 | 868 | 4 |
| CR05P1593 | SUPREME COURT RECEIPT FOR DOCUMENTS | 11/09/05 | 203 | 1 |
| CR05P1593 | SUPREME COURT RECEIPT FOR DOCUMENTS | 11/16/05 | 253 | 2 |
| CR05P1593 | SUPREME COURT RECEIPT FOR DOCUMENTS | 11/30/05 | 296 | 2 |
| CR05P1593 | SUPREME COURT RECEIPT FOR DOCUMENTS | 11/30/05 | 297 | 2 |
| CR05P1593 | SUPREME COURT REMITTITUR | 04/04/07 | 791 | 4 |
| CR05P1593 | TRANSCRIPT - ARRAIGNMENT 8/2/05 | 08/24/05 | 23-28 | 1 |
| CR05P1593 | TRANSCRIPT - FARETTA HEARING 10/06/05 | 10/27/05 | 121-153 | 1 |
| CR05P1593 | TRANSCRIPT - FARETTA HEARING 9/15/05 | 10/18/05 | 74-105 | 1 |
| CR05P1593 | TRANSCRIPT - MOTION TO CONFIRM TRIAL 10/25/05 | 11/21/05 | 283-289 | 2 |
| CR05P1593 | TRANSCRIPT - PRE-TRIAL MOTIONS 11/4/05 | 11/21/05 | 258-282 | 2 |
| CR05P1593 | TRANSCRIPT - SENTENCING 1/26/06 | 02/24/06 | 375-394 | 2 |
| CR05P1593 | TRANSCRIPT - STATUS HEARING 10/4/05 | 11/14/05 | 238-242 | 1 |
| CR05P1593 | TRANSCRIPT - STATUS HEARING 12/1/05 | 12/30/05 | 319-325 | 2 |

| Case ID | Text IN | Date | Pages | Volume |
|---------|---------|------|-------|--------|
| CR05P1593 | TRANSCRIPT - TRIAL 11/7/05 | 04/20/06 | 642-773 | 3 |
| CR05P1593 | TRANSCRIPT - TRIAL 11/9/06 | 04/20/06 | 408-554 | 2 |
| CR05P1593 | TRANSCRIPT - TRIAL, VOLUME I 11/8/05 | 04/20/06 | 555-641 | 3 |
| CR05P1593 | VERDICT | 11/09/05 | 198 | 1 |
| CR05P1593 | VERDICT - UNUSED (3) | 11/09/05 | 199-201 | 1 |
| CR05P1593 | WAIVER OF PRELIMINARY EXAMINATION | 07/26/05 | 3 | 1 |
| CR05P1593 | WRIT OF HABEAS CORPUS | 08/18/05 | 13-16 | 1 |
| CR05P1593 | WRIT OF HABEAS CORPUS FOR RELIEF | 08/24/05 | 29-31 | 1 |

# SECOND JUDICIAL DISTRICT COURT

NOT FOR DISTRIBUTION
TO THE PUBLIC

## COUNTY OF WASHOE

### Case History - CR05-1593

### DEPT. D10

### HON. STEVEN P. ELLIOTT

Report Date & Time
6/24/2008
1:50:25PM

| | Case Description: | STATE VS. DAVID RODRIGUES (TN) (D10) | |
|---|---|---|---|
| **Case ID:** CR05-1593 | Case Type: | CRIMINAL | **Initial Filing Date:** 7/19/2005 |

## Parties

| | |
|---|---|
| RESP | STATE OF NEVADA - STATE |
| APPE | DAVID RODRIGUES - @186100 |
| PROP | DAVID RODRIGUES - @186100 |
| PLTF | STATE OF NEVADA - STATE |
| DA | Rebecca Druckman, Esq. - 3714 |
| DEFT | DAVID RODRIGUES - @186100 |
| DATY | Gary Howard Hatlestad, Esq. - 1525 |

## Charges

| Charge No. | Charge Code | Charge Date | Charge Description |
|---|---|---|---|
| 1 | F650 | 7/26/2005 | INF/AI (11/7/05) LEWDNESS WITH A CHILD UNDER THE AGE OF FOURTEEN YEARS |
| 2 | F650 | 7/26/2005 | INF/AI (11/7/05) LEWDNESS WITH A CHILD UNDER THE AGE OF FOURTEEN YEARS |

## Plea Information

| Charge No. | Plea Code | Plea Date | Plea Description |
|---|---|---|---|
| 1 | F650 | 8/2/2005 | PLED NOT GUILTY |
| 2 | F650 | 8/2/2005 | PLED NOT GUILTY |

## Sentences

| Date | Charge No. | Charge Desc | Time Served | Sentence Text |
|---|---|---|---|---|
| 1/26/2006 | 1 - Nevada State Prison | | | NDOC LIFE W/ POSSIBILITY OF PAROLE AFTER 10 YEARS; DNA ANALYSIS TEST + FEES; SPECIAL SENTENCE OF LIFETIME SUPERVISION TO COMMENCE AFT ANY PERIOD OF PROBATION, OR ANY TERM OF IMPRISONMENT, OR AFTER ANY PERIOD OF RELEASE ON PAROLE. |

## Release Information

| | Custody Status |
|---|---|
| 8/2/2005 | CUSTODY - WCJ |
| 10/4/2005 | CUSTODY - WCJ |
| 10/6/2005 | CUSTODY - WCJ |
| 1/26/2006 | CUSTODY - WCJ |

## Hearings

84

| | Case Description: | STATE VS. DAVID RODRIGUES (TN) (D10) | |
|---|---|---|---|
| **Case ID:** CR05-1593 | Case Type: | **CRIMINAL** | **Initial Filing Date:** 7/19/2005 |

| | *Department* | *Event Description* | *Sched. Date & Time* |
|---|---|---|---|
| **1** | D10 | ARRAIGNMENT | 8/2/2005    08:30:00 |

Extra Text:

*Disposition:*
D725  8/2/2005

---

| | *Department* | *Event Description* | *Sched. Date & Time* |
|---|---|---|---|
| **2** | D10 | FARETTA HEARING | 9/15/2005    08:30:00 |

Extra Text:

*Disposition:*
D445   9/15/2005   DEFT'S MOTION FOR O.R.
RELEASE OR IN THE
ALTERNATIVE BAIL REDUCTION
DENIED

---

| | *Department* | *Event Description* | *Sched. Date & Time* |
|---|---|---|---|
| **3** | D10 | STATUS HEARING | 10/4/2005    08:30:00 |

Extra Text:

*Disposition:*
D445   10/4/2005

---

| | *Department* | *Event Description* | *Sched. Date & Time* |
|---|---|---|---|
| **4** | D10 | FARETTA HEARING | 10/6/2005    08:30:00 |

Extra Text:

*Disposition:*
D435   10/6/2005   COURT GRANTED DEFENDANT'S
REQUEST TO REPRESENT
HIMSELF. COURT APPOINTED
COUNSEL JOHN MALONE AS
STAND BY COUNSEL.

---

| | *Department* | *Event Description* | *Sched. Date & Time* |
|---|---|---|---|
| **5** | D10 | MOTION TO CONFIRM TRIAL | 10/25/2005    08:30:00 |

Extra Text:

*Disposition:*
D425   10/25/2005 TRIAL CONFIRMED.

---

| | *Department* | *Event Description* | *Sched. Date & Time* |
|---|---|---|---|
| **6** | D10 | PRE-TRIAL MOTIONS | 11/4/2005    15:00:00 |

Extra Text:

*Disposition:*
D430   11/4/2005

*-FOR INTERNAL COURT USE ONLY-*
*-NOT AN OFFICIAL DOCUMENT-*
*-REPORT MAY CONTAIN SEALED CASE INFORMATION-*

Report Date & Time
6/24/2008
1:50:25PM

| | Case Description: | STATE VS. DAVID RODRIGUES (TN) (D10) |
|---|---|---|

**Case ID:** CR05-1593     Case Type:    **CRIMINAL**      **Initial Filing Date: 7/19/2005**

| Department | Event Description | Sched. Date & Time |
|---|---|---|
| 7   D10 | TRIAL - JURY | 11/7/2005   08:30:00 |

Extra Text:

**Disposition:**
D832   11/7/2005

---

| Department | Event Description | Sched. Date & Time |
|---|---|---|
| 8   D10 | TRIAL ONGOING | 11/8/2005   10:00:00 |

Extra Text:

**Disposition:**
D832   11/8/2005

---

| Department | Event Description | Sched. Date & Time |
|---|---|---|
| 9   D10 | TRIAL ONGOING | 11/9/2005   09:00:00 |

Extra Text:

**Disposition:**
D895   11/9/2005   ON COUNT I AND MISTRIAL
                DELARED ON COUNT II

---

| Department | Event Description | Sched. Date & Time |
|---|---|---|
| 10   D10 | STATUS HEARING | 12/1/2005   08:30:00 |

Extra Text: COUNSEL FOR THE STATE TO ADVISE COURT
WHETHER A NEW TRIAL WILL BE SET ON COUNT II

**Disposition:**
D455   12/1/2005   CONTINUED TO THE SENTENCING
                DATE IN COUNT I

---

| Department | Event Description | Sched. Date & Time |
|---|---|---|
| 11   D10 | SENTENCING | 12/13/2005   08:30:00 |

Extra Text: ON COUNT I

**Disposition:**
D845   11/18/2005 RESET FOR 1/26/06 (BY DA'S
                OFFICE) SO THAT P&P CAN
                COMPLETE PSYCHOSEXUAL EVAL
                PRIOR TO SENTENCING

---

| Department | Event Description | Sched. Date & Time |
|---|---|---|
| 12   D10 | SENTENCING | 1/26/2006   08:30:00 |

Extra Text: AND COUNSEL FOR STATE TO ADVISE THE COURT
IF SHE IS PROCEEDING WITH A NEW TRIAL AS TO COUNT II

**Disposition:**
D765   1/26/2006

---

| Department | Event Description | Sched. Date & Time |
|---|---|---|
| 13   D10 | Request for Submission | 12/18/2007   15:55:00 |

---

*-FOR INTERNAL COURT USE ONLY-*
*-NOT AN OFFICIAL DOCUMENT-*
*-REPORT MAY CONTAIN SEALED CASE INFORMATION-*



Report Date & Time
6/24/2008
1:50:25PM

| | Case Description: | **STATE VS. DAVID RODRIGUES (TN) (D10)** | |
|---|---|---|---|
| **Case ID:** CR05-1593 | Case Type: | **CRIMINAL** | **Initial Filing Date: 7/19/2005** |

Extra Text: ?

*Disposition:*

IMG   1/14/2008   ORDER (MOTION FOR APPEAL BOND DENIED; POST-CONVICTION PETITION FOR WRIT OF HABEAS CORPUS DENIED; MOTION OF INQUIRY GRANTED [COPY OF FILED-STAMPED MOTION TO SUBMIT SEND TO PETITIONER WITH COPY OF ORDER ON 1/14/08])

---

**Agency Cross Reference**

| *Code* | *Agency Description* | *Case Reference I.D.* |
|---|---|---|
| DA | District Attorney's Office | DA338146 |
| PC | PCN number | PCN47969177 |
| SC | Supreme Court | SCN 46073 |
| SC | Supreme Court | SCN 46745 |
| SC | Supreme Court | SCN 49981 |
| SC | Supreme Court | SCN 51224 |
| SJ | Sparks Justice's Court | SJC05850 |
| SP | Sparks Police Department | SPD0416302 |

---

**Actions**

| *Action Entry Date* | *Code* | *Code Description* | *Text* |
|---|---|---|---|
| 7/20/2005 | 1491 | Court Services Report | |
| 7/26/2005 | 4265 | Waiver of Preliminary Exam | |
| 7/26/2005 | 1800 | Information | |
| 8/2/2005 | 1280 | ** 60 Day Rule - Waived | |
| 8/18/2005 | 2490 | Motion ... | FOR PROPER BAIL HEARING UNDER WRIT OF HABEAS CORPUS |
| 8/18/2005 | 2490 | Motion ... | FOR PROPER MEDICAL TREATMENT UNDER WRIT OF HABEAS CORPUS |
| 8/18/2005 | 3585 | Pet Writ Habeas Corpus | |
| 8/24/2005 | 4185 | Transcript ... | 08/02/05 - ARRAIGNMENT |
| 8/24/2005 | 3585 | Pet Writ Habeas Corpus | |
| 8/30/2005 | 3860 | Request for Submission | DOCUMENT TITLE: MOTION FOR PROPER MEDICAL TREATMENT UNDER WRIT OF HABEAS CORPUS PARTY SUBMITTING: D. RODRIGUEZ DATE SUBMITTED: 8-30-05 SUBMITTED BY: GVELARDE DATE RECEIVED JUDGE'S OFFICE: 9-15-05 @9:00 |
| 9/6/2005 | 1250 | Application for Setting | |
| 9/6/2005 | 2130 | Mtn for O.R. Release | |

*-FOR INTERNAL COURT USE ONLY-*
*-NOT AN OFFICIAL DOCUMENT-*
*-REPORT MAY CONTAIN SEALED CASE INFORMATION-*

Report Date & Time
6/24/2008
1:50:25PM

| Case ID: | CR05-1593 | Case Description: Case Type: | STATE VS. DAVID RODRIGUES (TN) (D10) CRIMINAL | Initial Filing Date: 7/19/2005 |
|---|---|---|---|---|

| | | | |
|---|---|---|---|
| 9/14/2005 | 2645 | Opposition to Mtn... | FOR RELEASE ON OWN RECOGNIZANCE OR FOR BAIL REDUCTION |
| 9/19/2005 | 2030 | Mtn for Change of Venue | |
| 9/19/2005 | 2230 | Mtn Trial Trans. Public Exp | |
| 9/28/2005 | 3860 | Request for Submission | DOCUMENT TITLE: MOTION FOR CHANGE OF VENUE PARTY SUBMITTING: D. RODRIGUEZ DATE SUBMITTED: 9-28-05 SUBMITTED BY: GVELARDE DATE RECEIVED JUDGE'S OFFICE: |
| 9/28/2005 | 3720 | Proof of Service | OF MOTION TO SUBMIT |
| 10/18/2005 | 2610 | Notice ... | STATE'S NOTICE OF EXPERT WITNESS TO BE CALLED IN STATE'S CASE IN CHIEF PURSUANT TO NRS 174.234 |
| 10/18/2005 | 4185 | Transcript ... | FARETTA HEARING 9/15/05 |
| 10/20/2005 | 2490 | Motion ... | TO AMEND APPEAL SENT TO COURT |
| 10/20/2005 | 1120 | Amended ... | MOTION FOR TRANSCRIPT |
| 10/24/2005 | 2490 | Motion ... | TO APPEAL UNDER WRIT OF HABEAS CORPUS |
| 10/25/2005 | 2480 | Mtn to Suppress... | |
| 10/25/2005 | 2490 | Motion ... | TO DISMISS AND TO RECONSIDER O.R. |
| 10/27/2005 | 2610 | Notice ... | OF INTENT TO PRESENT CHILD HEARSAY IN STATE'S CASE IN CHIEF |
| 10/27/2005 | 2592 | Notice of Witnesses | OF STATE'S WITNESSES TO BE CALLED IN STATE'S CASE IN CHIEF |
| 10/27/2005 | 4185 | Transcript ... | 10/06/05 - FARETTA HEARING |
| 11/2/2005 | 3795 | Reply... | TO DEFENDANT'S MOTION TO DISMISS OR MOTION TO RECONSIDER O.R. |
| 11/2/2005 | 3795 | Reply... | TO DEFENDANT'S MOTION TO SUPPRESS |
| 11/4/2005 | 2490 | Motion ... | MOTION TO SUBMIT RE: MOTION FOR CHANGE OF VENUE |
| 11/4/2005 | 2515 | Notice of Appeal Supreme Court | |
| 11/7/2005 | 2490 | Motion ... | MOTION TO BE ALLOWED TO APPEAL |
| 11/7/2005 | 2490 | Motion ... | MOTION TO CONTINUE |
| 11/7/2005 | 2610 | Notice ... | NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE INFORMATION |
| 11/7/2005 | 1095 | Amended Information | |
| 11/7/2005 | 2515 | Notice of Appeal Supreme Court | NOTICE OF APPEAL U.S.C. 2254, TO THE U.S. COURT OF APPEAL FOR THE NINTH CIRCUT AT SAN FRANCISCO - NOT PROCESSED TO NEVADA SUPREME COURT |
| 11/8/2005 | 1892 | Jury Question, No Response | |
| 11/9/2005 | 2515 | Notice of Appeal Supreme Court | |
| 11/9/2005 | 4245 | Verdict(s)... | |
| 11/9/2005 | 4235 | Unused Verdict Form(s)... | (3) |

*-FOR INTERNAL COURT USE ONLY-*
*-NOT AN OFFICIAL DOCUMENT-*
*-REPORT MAY CONTAIN SEALED CASE INFORMATION-*

Report Date & Time
6/24/2008
1:50:25PM

| | | | STATE VS. DAVID RODRIGUES (TN) (D10) | |
|---|---|---|---|---|
| **Case ID:** | **CR05-1593** | **Case Description:** **Case Type** | **CRIMINAL** | **Initial Filing Date:** 7/19/2005 |
| 11/9/2005 | 4128 | Supreme Court Order Denying | SUPREME COURT CASE NO. 46073 ORDER DENYING PETITION | |
| 11/9/2005 | 1188 | Supreme Court Receipt for Doc | SUPREME COURT CASE NO. 46073 | |
| 11/9/2005 | 1187 | **Supreme Court Case No. ... | SUPREME COURT CASE NO. 46073 | |
| 11/9/2005 | 1892 | Jury Question, No Response | | |
| 11/9/2005 | 1885 | Jury Instructions | 1-28 | |
| 11/10/2005 | 1695 | ** Exhibit(s) ... | EXHIBITS 1 THROUGH 6 MARKED | |
| 11/14/2005 | 1310 | Case Appeal Statement | | |
| 11/14/2005 | 1365 | Certificate of Transmittal | | |
| 11/14/2005 | 1350 | Certificate of Clerk | | |
| 11/14/2005 | 4185 | Transcript ... | 10/04/05 - STATUS HEARING | |
| 11/15/2005 | 3839 | Request Agree Ord Recp Discv | | |
| 11/16/2005 | 2490 | Motion ... | RE: SENTENCE | |
| 11/16/2005 | 1188 | Supreme Court Receipt for Doc | SUPREME COURT CASE NO. 46073 | |
| 11/17/2005 | 2175 | Mtn for Reconsideration | OF MOTION FOR PROPER MEDICAL TREATMENT | |
| 11/18/2005 | 4045 | Stipulation to Continuance | | |
| 11/21/2005 | 4185 | Transcript ... | 11/04/05 - PRE-TRIAL MOTIONS | |
| 11/21/2005 | 4185 | Transcript ... | 10/25/05 - MOTION TO CONFIRM TRIAL | |
| 11/29/2005 | 2230 | Mtn Trial Trans. Public Exp | | |
| 11/30/2005 | 3020 | Ord Granting Continuance | OF SENTENCING | |
| 11/30/2005 | 1188 | Supreme Court Receipt for Doc | SUPREME COURT CASE NO. 46073 | |
| 11/30/2005 | 1188 | Supreme Court Receipt for Doc | SURPEME COURT CASE NO. 46073 | |
| 11/30/2005 | 4128 | Supreme Court Order Denying | SUPREME COURT CASE NO. 46073 ORDER DENYING RELIEF | |
| 11/30/2005 | 1187 | **Supreme Court Case No. ... | SUPREME COURT CASE NO. 46073 | |
| 11/30/2005 | 1187 | **Supreme Court Case No. ... | SUPREME COURT CASE NO. 46073 | |
| 12/1/2005 | 1187 | **Supreme Court Case No. ... | SUPREME COURT CASE NO. 46073 | |
| 12/1/2005 | 1188 | Supreme Court Receipt for Doc | SUPREME COURT CASE NO. 46073 | |
| 12/5/2005 | 4133 | Supreme Court Notice | SUPREME COURT CASE NO. 46073 NOTICE IN LIEU OF REMITTITUR | |
| 12/6/2005 | 2490 | Motion ... | FOR APPOINTMENT OF NEW PSYCHOLOGIST | |
| 12/6/2005 | 2490 | Motion ... | TO APPOINT NEW PSYCHOLOGIST | |
| 12/7/2005 | 2490 | Motion ... | TO PRODUCE WITNESS | |

Report Date & Time
6/24/2008
1:50:25PM

| Case ID: | CR05-1593 | Case Description: | STATE VS. DAVID RODRIGUES (TN) (D10) | |
|---|---|---|---|---|
| | | | CRIMINAL | Initial Filing Date: 7/19/2005 |

| Date | Case Type: | Case Type Description | Detail |
|---|---|---|---|
| 12/13/2005 | 3860 | Request for Submission | DOCUMENT TITLE: MOTIONS<br>PARTY SUBMITTING: D. RODRIGUEZ<br>DATE SUBMITTED: 12-14-05<br>SUBMITTED BY: GVELARDE<br>DATE RECEIVED JUDGE'S OFFICE: |
| 12/15/2005 | 2295 | Mtn to Dismiss Counts ... | COUNT II AND III |
| 12/21/2005 | 2645 | Opposition to Mtn ... | STATE'S OPPOSITION TO MOTION TO DISMISS COUNTS I & II |
| 12/23/2005 | 4128 | Supreme Court Order Denying | SUPREME COURT CASE NO. 46073<br>ORDER DENYING RELIEF |
| 12/27/2005 | 2490 | Motion ... | TO CORRECT STATE ERROR IN MOTION |
| 12/30/2005 | 4185 | Transcript ... | STATUS HEARING<br>12/1/05 |
| 1/4/2006 | 2490 | Motion ... | MOTION FOR RELEASESED ON O.R. |
| 1/11/2006 | 3860 | Request for Submission | DOCUMENT TITLE: MOTION FOR O.R. RELEASE<br>PARTY SUBMITTING: D. RODRIGUEZ<br>DATE SUBMITTED: 1-11-06<br>SUBMITTED BY: GVELARDE<br>DATE RECEIVED JUDGE'S OFFICE: |
| 1/17/2006 | 4500 | PSI - Confidential Envelope | |
| 1/20/2006 | 2842 | Ord Denying Motion | FOR TRANSCRIPTS |
| 1/20/2006 | 2842 | Ord Denying Motion | TO DISMISS |
| 1/20/2006 | 2842 | Ord Denying Motion | FOR O.R. RELEASE |
| 1/26/2006 | 1850 | Judgment of Conviction | |
| 1/31/2006 | 2490 | Motion ... | MOTION FOR ARREST THE SENTENCE |
| 1/31/2006 | 2515 | Notice of Appeal Supreme Court | |
| 1/31/2006 | 2490 | Motion ... | MOTION FOR APPEAL BOND |
| 2/1/2006 | 2515 | Notice of Appeal Supreme Court | APPEAL #2 |
| 2/1/2006 | 1365 | Certificate of Transmittal | |
| 2/1/2006 | 1365 | Certificate of Transmittal | APPEAL #2 |
| 2/1/2006 | 1350 | Certificate of Clerk | |
| 2/1/2006 | 1350 | Certificate of Clerk | APPEAL #2 |
| 2/1/2006 | 1310 | Case Appeal Statement | |
| 2/1/2006 | 1310 | Case Appeal Statement | APPEAL #2 |
| 2/22/2006 | 2490 | Motion ... | TO VACATE OR SET ASIDE THE SENTENCE OF THE COURT |
| 2/24/2006 | 4185 | Transcript ... | 01/26/06 - SENTENCING |
| 2/27/2006 | 4135 | Supreme Court Ord Remanding | SUPREME COURT CASE NO. 46745<br>ORDER OF LIMITED REMAND FOR APPOINTMENT OF COUNSEL |
| 3/1/2006 | 2715 | Ord Appointing Counsel | PUBLIC DEFENDER |

*-FOR INTERNAL COURT USE ONLY-*
*-NOT AN OFFICIAL DOCUMENT-*
*-REPORT MAY CONTAIN SEALED CASE INFORMATION-*

Report Date & Time
6/24/2008
1:50:25PM

| | | | | STATE VS. DAVID RODRIGUES (TN) (D10) | |
|---|---|---|---|---|---|
| **Case ID:** | **CR05-1593** | Case Description: | Case | **CRIMINAL** | **Initial Filing Date:** 7/19/2005 |
| | | | Type: | | |

| | | | |
|---|---|---|---|
| 3/3/2006 | 3370 | Order ... | PROHIBITING ANY FURTHER PLEADINGS IN PROPER PERSON BY THE DEFENDANT |
| 3/17/2006 | 2230 | Mtn Trial Trans. Public Exp | |
| 3/20/2006 | 4128 | Supreme Court Order Denying | SUPREME COURT CASE NO. 46745 ORDER DENYING MOTION |
| 3/30/2006 | 3000 | Ord Trial Transcript/Public$ | |
| 4/20/2006 | 4185 | Transcript ... | 11/07/05 - TRIAL |
| 4/20/2006 | 4185 | Transcript ... | 11/08/05 - TRIAL VOLUME I |
| 4/20/2006 | 4185 | Transcript ... | 11/09/05 - TRIAL |
| 4/27/2006 | 3795 | Reply... | STATE'S REPLY IN OPPOSITION FOR DEFENDANT'S MOTION FOR BAIL PENDING APPEAL |
| 5/8/2006 | 3795 | Reply... | PETITIONER REPLY TO RESPONDENTS MOTION TO APPEAL BOND PENDING APPEAL |
| 9/22/2006 | 4125 | Supreme Court Order... | SUPREME COURT CASE NO. 46745 ORDER DIRECTING CLERK OF COURT TO RETURN UNFILED, ANY AND ALL PLEADINGS FILED IN PROPER PERSON TO DEFENDANT TO DIRECT TO HIS COUNSEL FOR FILING. |
| 3/12/2007 | 4134 | Supreme Court Order Affirming | SUPREME COURT CASE NO. 46745 |
| 4/4/2007 | 4145 | Supreme Court Remittitur | SUPREME COURT CASE NO. 46745 |
| 4/4/2007 | 4111 | Supreme Ct Clk's Cert & Judg | SUPREME COURT CASE NO. 46745 |
| 4/4/2007 | 4134 | Supreme Court Order Affirming | SUPREME COURT CASE NO. 46745 |
| 8/22/2007 | 2490 | Motion ... | FOR APPEAL BOND (DAVID RODRIGUES |
| 9/6/2007 | 4128 | Supreme Court Order Denying | SUPREME COURT CASE NO. 49981 ORDER DENYING PETITION |
| 10/5/2007 | 4133 | Supreme Court Notice | SUPREME COURT CASE NO. 49981 NOTICE IN LIEU OF REMITTITUR |
| 11/30/2007 | IMG | **Entered/Imaged on Wrong Case | MOTION FOR POST CONVICTION REMEDIE UNDER WRIT OF HABEAS CORPUS |
| 12/13/2007 | IMG | **Entered/Imaged on Wrong Case | DOCUMENT TITLE: ? PARTY SUBMITTING:DAVID RODRIGUES DATE SUBMITTED: 12/18/07 SUBMITTED BY: JB DATE RECEIVED JUDGE'S OFFICE: |
| 12/18/2007 | IMG | **Entered/Imaged on Wrong Case | MOTION OF INQUIRY |
| 12/18/2007 | IMG | **Entered/Imaged on Wrong Case | |
| 1/14/2008 | 1315 | ** Case Closed | ORDER ENTERED 1/14/08 (MOTION FOR APPEAL BOND DENIED; POST-CONVICTION PETITION FOR WRIT OF HABEAS CORPUS DENIED; MOTION OF INQUIRY GRANTED [COPY OF FILED-STAMPED MOTION TO SUBMIT SEND TO PETITIONER WITH COPY OF ORDER ON 1/14/08]) |

Report Date & Time
6/24/2008
1:50:25PM

| Case ID: | CR05-1593 | Case Description: | Case | STATE VS. DAVID RODRIGUES (TN) (D10) |
|----------|-----------|-------------------|------|---------------------------------------|
| | | | | CRIMINAL    Initial Filing Date: 7/19/2005 |

| Date | Type | Description | Detail |
|------|------|-------------|--------|
| 1/14/2008 | IMG | **Entered/Imaged on Wrong Case | ORDER (MOTION FOR APPEAL BOND DENIED; POST-CONVICTION PETITION FOR WRIT OF HABEAS CORPUS DENIED; MOTION OF INQUIRY GRANTED [COPY OF FILED-STAMPED MOTION TO SUBMIT SEND TO PETITIONER WITH COPY OF ORDER ON 1/14/08]) |
| 4/7/2008 | 1187 | **Supreme Court Case No. ... | SUPREME COURT CASE NO. 51224 |
| 4/7/2008 | 1188 | Supreme Court Receipt for Doc | SUPREME COURT CASE NO. 51224 FOR PROPER PERSON MOTION/APPEAL BOND SENT DIRECTLY TO SUPREME COURT |
| 5/27/2008 | 4133 | Supreme Court Notice | SUPREME COURT CASE NO. 51328 NOTICE IN LIEU OF REMITTITUR |

*-FOR INTERNAL COURT USE ONLY-*
*-NOT AN OFFICIAL DOCUMENT-*
*-REPORT MAY CONTAIN SEALED CASE INFORMATION-*

# SECOND JUDICIAL DISTRICT COURT
## COUNTY OF WASHOE

NOT FOR DISTRIBUTION
TO THE PUBLIC

6 6

### Case History - CR05P1593
### DEPT. D10
### HON. STEVEN P. ELLIOTT

Report Date & Time
6/24/2008
1:51:02PM

| | | POST: DAVID RODRIGUES (D10) | |
|---|---|---|---|
| | Case Description: | POST CONVICTION | |
| Case ID: | CR05P1593 | Case Type: | Initial Filing Date: 2/9/2006 |

### Parties

RESP | STATE OF NEVADA - STATE
PETR | DAVID RODRIGUES - @186100
DA | Gary Howard Hatlestad, Esq. - 1525

### Charges

| Charge No. | Charge Code | Charge Date | Charge Description |
|---|---|---|---|

### Plea Information

| Charge No. | Plea Code | Plea Date | Plea Description |
|---|---|---|---|

### Release Information

Custody Status

### Hearings

| Department | Event Description | Sched. Date & Time |
|---|---|---|
| 1 | | |

Extra Text: 

Disposition:

### Agency Cross Reference

| Code | Agency Description | Case Reference I.D. |
|---|---|---|
| SC | Supreme Court | SCN 46745 |
| SC | Supreme Court | SCN 50935 |
| SC | Supreme Court | SCN 51224 |
| SC | Supreme Court | SCN 51328 |

### Actions

| Action Entry Date | Code | Code Description | Text |
|---|---|---|---|
| 2/9/2006 | 1188 | Supreme Court Receipt for Doc | SUPREME COURT CASE NO. 46745 |

*-FOR INTERNAL COURT USE ONLY-*
*-NOT AN OFFICIAL DOCUMENT-*
*-REPORT MAY CONTAIN SEALED CASE INFORMATION-*



**POST: DAVID RODRIGUES (D10)**

| | | Case Description: Case Type: | POST CONVICTION | Initial Filing Date: 2/9/2006 |
|---|---|---|---|---|

**Case ID:    CR05P1593**

| | | | |
|---|---|---|---|
| 11/30/2007 | 2490 | Motion ... | MOTION FOR POST CONVICTION REMEDIE UNDER WRIT OF HABEAS CORPUS |
| 12/13/2007 | 3860 | Request for Submission | DOCUMENT TITLE: PETIITION FOR POST CONVICTION<br>PARTY SUBMITTING:DAVID RODRIGUES<br>.DATE SUBMITTED: 12/18/07<br>SUBMITTED BY: JB<br>DATE RECEIVED JUDGE'S OFFICE: |
| 12/18/2007 | 2490 | Motion ... | MOTION OF INQUIRY |
| 1/14/2008 | 3370 | Order ... | DENYING PETITIONER'S MOTION FOR APPEAL BOND;<br>DENYING PETITION FOR WRIT OF HABEAS CORPUS<br>(POST-CONVICTION); GRANTING MOTION OF INQUIRY |
| 1/14/2008 | S200 | Request for Submission Complet | ORDER (MOTION FOR APPEAL BOND DENIED;<br>POST-CONVICTION PETITION FOR WRIT OF HABEAS<br>CORPUS DENIED; MOTION OF INQUIRY GRANTED [COPY OF<br>FILED-STAMPED MOTION TO SUBMIT SEND TO<br>PETITIONER WITH COPY OF ORDER ON 1/14/08]) |
| 2/14/2008 | 1187 | **Supreme Court Case No. ... | SUPREME COURT CASE NO. 50935 |
| 2/14/2008 | 1188 | Supreme Court Receipt for Doc | SUPREME COURT CASE NO. 50935 |
| 2/26/2008 | 4128 | Supreme Court Order Denying | SUPREME COURT CASE NO. 50935<br>ORDER DENYING PETITION |
| 3/4/2008 | 2515 | Notice of Appeal Supreme Court | |
| 3/4/2008 | 1310 | Case Appeal Statement | |
| 3/4/2008 | 1365 | Certificate of Transmittal | |
| 3/4/2008 | 1350 | Certificate of Clerk | |
| 3/11/2008 | 1187 | **Supreme Court Case No. ... | SUPREME COURT CASE NO. 51224 |
| 3/11/2008 | 1188 | Supreme Court Receipt for Doc | SUPREME COURT CASE NO. 50935 |
| 3/11/2008 | 1188 | Supreme Court Receipt for Doc | SUPREME COURT CASE NO. 51224 |
| 3/21/2008 | 4133 | Supreme Court Notice | SUPREME COURT CASE NO. 50935<br>NOTICE IN LIEU OF REMITTITUR |
| 3/31/2008 | 1187 | **Supreme Court Case No. ... | SUPREME COURT CASE NO. 51224 |
| 3/31/2008 | 1188 | Supreme Court Receipt for Doc | SUPREME COURT CASE NO. 51224 |
| 4/2/2008 | 4126 | Supreme Crt Order Directing... | SUPREME COURT CASE NO. 51224<br>ORDER DIRECTING TRANSMISSION OF RECORD ON APPEAL<br>(90 DAYS, CERTIFIED COPIES, ENTIRE FILE, MINUS<br>EXHIBITS) |
| 4/4/2008 | 2540 | Notice of Entry of Ord | |
| 4/10/2008 | 4128 | Supreme Court Order Denying | SUPREME COURT CASE NO. 50935<br>ORDER DENYING MOTIONS |
| 4/29/2008 | 2490 | Motion ... | MOTION FOR LEAVE OF COURT TO AMEND WRIT OF HABEAS CORPUS (POST CONVICTION) |

# Nevada Supreme Court Docket Sheet

**Docket: 51224  RODRIGUES (DAVID) VS. STATE**                    Page 1

DAVID RODRIGUES,                                      **Supreme Court No. 51224**
Appellant,
vs.                                                  Consolidated with:
THE STATE OF NEVADA,
Respondent.

## Counsel

David Rodrigues #89491, Carson City, NV, Appellant, in proper person

Attorney General Catherine Cortez Masto/Carson City, Carson City, NV, as counsel for Respondent

Washoe County District Attorney Richard A. Gammick, Reno, NV, as counsel for Respondent

## Case Information

**Panel:** PANEL                    **Panel Members:** Unassigned
**Disqualifications:**
**Case Status:** Open               **Category:** Criminal Appeal      **Type:** Proper Person/Post-Conviction/Life
**Submitted:** On Record                            **Date Submitted:** 06/27/08
**Oral Argument:**
**Sett. Notice Issued:**            **Sett. Judge:**                  **Sett. Status:**
**Related Supreme Court Cases:** 46745, 51328

## District Court Case Information

**Case Number:** CR051593
**Case Title:** STATE VS. RODRIGUES
**Judicial District:** Second      **Division:**                **County:** Washoe Co.
**Sitting Judge:** Steven P. Elliott
**Replaced By:**
**Notice of Appeal Filed:** 03/04/08      Appeal          **Judgment Appealed From Filed:** 01/14/08

## Docket Entries

| Date | Docket Entries | |
|------|----------------|---|
| 03/10/08 | Filing Fee Waived: Criminal. | |
| 03/10/08 | Filed Certified Copy of proper person Notice of Appeal. Appeal docketed in the Supreme Court this day. | 08-05929 |
| 03/27/08 | Received Proper Person Motion. Motion to Disregard Notice of Appeal into the Ninth Circuit Court of Appeals. | 08-07676 |
| 03/31/08 | Filed Order/Transmit Record. Record due: 90 days. | 08-07842 |
| 04/04/08 | Received Proper Person Motion. Appeal Bond. | 08-08538 |
| 06/27/08 | Filed Record on Appeal (Copy). Vols. 1 through 4. | 08-16501 |
| 06/27/08 | Received - SEALED - Certified Copy of Pre-Sentence Investigation Report. | 08-16503 |
| 06/27/08 | Processing status update: Submitted for decision on record. | |

Friday, August 08, 2008  02:01 PM

Report Date & Time
6/24/2008
1:51:02PM

| | Case Description: | | POST: DAVID RODRIGUES (D10) | |
|---|---|---|---|---|
| Case ID: CR05P1593 | | | POST CONVICTION | Initial Filing Date: 2/9/2006 |
| | | Case Type: | | |
| 4/29/2008 | 3862 | **Criminal Submit | DOCUMENT TITLE: AMENDED POST-CONVICTION PARTY SUBMITTING: DAVID RODRIGUEZ DATE SUBMITTED: 4/29/08 SUBMITTED BY: LMATHEUS DATE RECEIVED JUDGE OFFICE: | |
| 4/29/2008 | 1110 | Amended Pet ... | AMENDED PETITION FOR WRIT OF HABEAS CORPUS (POST-CONVICTION) | |
| 5/5/2008 | 4128 | Supreme Court Order Denying | SUPREME COURT CASE NO. 51328 ORDER DENYING PETITION | |
| 5/14/2008 | 2490 | Motion ... | MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO NRS 34.750 | |
| 5/20/2008 | 2975 | Ord Response to Pet | | |
| 6/24/2008 | 1350 | Certificate of Clerk | RECORD ON APPEAL - SENT 4 VOLUMES & 1 ENVELOPE TO SUPREME COURT | |
| 6/24/2008 | 1365 | Certificate of Transmittal | RECORD ON APPEAL - SENT 4 VOLUMES & 1 ENVELOPE TO SUPREME COURT | |

96

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF WASHOE, STATE OF NEVADA**

**AFFIRMATION**
**Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document, _____

Motion For Leave of Court To
Amend Writ of Habaes Corpus
(Title of Document)

filed in case number: CR05P1593

[X] Document does not contain the social security number of any person

**-OR-**

[ ] Document contains the social security number of a person as required by:

[ ] A specific state or federal law, to wit:

_____
(State specific state or federal law)

**-or-**

[ ] For the administration of a public program

**-or-**

[ ] For an application for a federal or state grant

**-or-**

[ ] Confidential Family Court Information Sheet
(NRS 125.130, NRS 125.230 and NRS 125B.055)

Date: April 24th, 2008          David Rodriguez
                                (Signature)

                                DAVID RODRIGUES
                                (Print Name)

                                _____
                                (Attorney for)

Affirmation
Revised December 15, 2006

David Rodrigues # 89491
N.N.C.C   P.O. Box 7000
Carson City, NV. 89702

FILED

2008 JUL 21  PM 2: 35

HOWARD W. CONYERS

BY————————
DEPUTY

In Pro se

IN THE SECOND JUDICIAL DISTRICT COURT OF NEVADA

IN AND FOR THE THE COUNTY OF WASHOE

David Rodrigues          )
            Petitioner,  )
                         )
                         )
Vs                       )
                         )
The State of Nevada      )

Case No. CROP1593

Dept. No.    10

" MOTION TO SUBMIT "

COME NOW TIME petitioner must motion this Court to
submit on or about, "April 24th of the year 2008," Petitioner did
file a timely **motion for writ of habeas corpus'** (post
conviction) of the violations that was inflected upon petitioner
at pre-trisl, trial and sentencing as well.

The United States District Court at Reno, Nevada;
issued an order on the 31st day of July 2007, stating that 'two
(2)' of the issues that was presented to the United States
District Court must be presented to the sentencing Court on post
conviction remedy before the U.S. District Court, can render a ruling on
'two (2)' of the issues of violation out of the four(4)
violations that was presented to the U.S. District Court, to give
the sentencing Court a chance to correct the error that was
inflected upon petitioner the trial court; "this the petitioner
has done," as the filing and record of this case shall reflect.

-1-

1    The motion filed by the Washoe County District Attorney

2 was in fact filed untimely, therefore it is the Washoe County

3 District Attorney that filed his response untimely.

4    This Court issued an order for the State to respond to

5 petitioners writ of habeas corpus in fortyfive 45 days, on May

6 20th, 2008, but the Washoe County District Attorney filed his

7 response on July 7th, 2008, fortynine (49 days after the order by

8 this Court was issued). therefore, it is the Washoe County

9 District Attorney of whom did not respond timely, therefore,

10 based on all the facts of violations of this case, that have

11 been presented to this Court of petitioners Constitutional Rights

12 of the United States Constitution this Court is left with only

13 one recourse of action and that is to issue and 'Order To Dismiss

14 count one, and count 2, and the petitioner to be released from

15 prison, and this case, records be expunged'.

16

17    Respectfully Submitted, on this _17_ day of _July_

18 2008.

19

20    x _David L. Rodrigues_
                              David Rodrigues # 89491
21                            N.N.C.C P.O. Box 7000
                              Carson City, NV. 89702
22

23

24

25

26

27

28

**VERIFICATION OF SERVICE**

I, David Rodrigues; the petitioner in the above-entitled cause of action on this _17_ day of _July_ 2008, did serve upon the the following persons listed below, a true and correct copy of the " **Motion To Dismiss** ".

    1. Attorney General for the State of Nevada
       Heroes Memorial Building
       Capitol Complex
       Carson City, NV.89710

    2. The Washoe County District Attorney
       75 Court Street
       Reno, Nevada.89501

I declare under penalty of perjury that the foregong is true and correct to the best of my knowledge and understanding.

Executed on this _17_ day of _July_ 2008 at Carson City, Nevada. 89702

X _David Rodrigues_
  David Rodrigues # 89491
  N.N.C.C. P.O. Box 7000
  Carson City, Nev.89702

-3-

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF WASHOE, STATE OF NEVADA**

**AFFIRMATION**
**Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document, _____

_Writ of Habus Corpus_

_(Title of Document)_

filed in case number: _CRO P 1593_

☒ Document does not contain the social security number of any person

**-OR-**

☐ Document contains the social security number of a person as required by:

☐ A specific state or federal law, to wit:

_____
_(State specific state or federal law)_

**-or-**

☐ For the administration of a public program

**-or-**

☐ For an application for a federal or state grant

**-or-**

☐ Confidential Family Court Information Sheet
(NRS 125.130, NRS 125.230 and NRS 125B.055)

Date: _7-17-08_

_David Rodrigues_
(Signature)

_DAVID RODRIGUES_
(Print Name)

_Pro See_
(Attorney for)

Affirmation

1  CODE #3860
    RICHARD A. GAMMICK
2  #001510
    P. O. Box 30083
3  Reno, Nevada 89520-3083
    (775)328-3200
4  Attorney for Respondent

5

6       IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA,

7            IN AND FOR THE COUNTY OF WASHOE

8                      * * *

9  DAVID RODRIGUES,

10           Petitioner,

11      v.                  Case No. CR05P1593

12  THE STATE OF NEVADA,

                           Dept. No. 10

13           Respondent.

14  _____/

15             REQUEST FOR SUBMISSION

16      It is requested that the Motion to Dismiss Petition for Writ of Habeas Corpus (Post-

17  Conviction), filed on July 7, 2008, be submitted to the court for decision.

18      The undersigned attorney certifies that a copy of this request has been mailed to all

19  parties of record.

20          AFFIRMATION PURSUANT TO NRS 239B.030

21      The undersigned does hereby affirm that the preceding document does not contain the

22  social security number of any person.

23      DATED: July 22, 2008.

24                 RICHARD A. GAMMICK
                   District Attorney
25

                 By_____
26                    JOSEPH R. PLATER
                   Appellate Deputy

*102*

## CERTIFICATE OF MAILING

Pursuant to NRCP 5(b), I hereby certify that I am an employee of the Washoe County District Attorney's Office and that, on this date, I deposited for mailing through the U.S. Mail Service at Reno, Washoe County, Nevada, postage prepaid, a true copy of the foregoing document, addressed to:

> David Rodrigues #89491
> Northern Nevada Correctional Center
> P.O. Box 7000
> Carson City, NV 89702

DATED: _____, 2008.